IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLUMBIA HOUSING/PNC INSTITUTIONAL FUND IV LIMITED PARTNERSHIP, COLUMBIA HOUSING SLP CORPORATION, OCWEN 2000-LLC, PNC BANK, and COLUMBIA HOUSING/PNC FUND IV, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORPORATION, and OCWEN LOAN SERVICING, LLC, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § | NO. _____ |

## COMPLAINT

Plaintiffs Columbia Housing/PNC Institutional Fund IV Limited Partnership, Columbia Housing SLP Corporation, Ocwen 2000-LLC, PNC Bank, and Columbia Housing/PNC Fund IV, Inc. bring this action against Ocwen Federal Bank FSB, Ocwen Investment Corporation, and Ocwen Loan Servicing, LLC, as follows:

## PARTIES

1.  Plaintiff Columbia Housing/PNC Institutional Fund IV Limited Partnership is a Massachusetts limited partnership ("PNC Fund IV").

2.  Plaintiff Columbia Housing SLP Corporation ("Columbia SLP") is an Oregon corporation, with its principal place of business in Oregon.

3.  Plaintiff Ocwen 2000-LLC ("Ocwen 2000") is a Delaware limited liability company.

4. Plaintiff PNC Bank ("PNC Bank") is a national banking association located in the State of Pennsylvania.

5. Plaintiff Columbia Housing/PNC Fund IV, Inc. ("Fund IV, Inc.") is a Massachusetts corporation, with its principal place of business in the State of Pennsylvania.

6. Defendant Ocwen Federal Bank FSB is a dissolved United States federal savings bank ("Ocwen FSB") that may be served with process by serving c/o Ocwen Financial Corporation at Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. On information and belief, Ocwen FSB was located in the State of Florida.

7. Defendant Ocwen Investment Corporation is a New Jersey corporation ("Ocwen Investment") that may be served with process by serving The Prentice Hall Corporation, 150 West State Street, Trenton, NJ 08608. On information and belief, Ocwen Investment's principal place of business is in the State of Florida.

8. Defendant Ocwen Loan Servicing, LLC ("Ocwen Servicing") is a Delaware limited liability company that may be served with process by serving Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808. On information and belief, Ocwen Servicing purports to be the successor to Ocwen FSB, and has assumed the liabilities of Ocwen FSB.

9. The partners in PNC Fund IV are PNC Bank and Fund IV, Inc.

10. The members in Ocwen 2000 are currently PNC Fund IV and Fund IV, Inc. Ocwen FSB was formerly a member.

11. On information and belief, the members of Ocwen Servicing are citizens of the State of Florida, or states other than Oregon, Pennsylvania or Massachusetts.

## JURISDICTION AND VENUE

12.     Jurisdiction of this action is proper in this Court because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

13.     Venue and jurisdiction are proper pursuant to section 10.9 of the herein-defined Ocwen 2000 Operating Agreement which provides that "[e]ach Member irrevocably (a) agrees that any suit, action or other legal proceedings arising out of this Amended and Restated Operating Agreement or any of the transactions contemplated hereby shall be brought in the appropriate State court or the court of the United States of America for the Federal District of the State; (b) consents to the jurisdiction of such court in any suit, action, or proceeding; and (c) waives any objection that he or it may have to the laying of venue of any such suit, action or proceeding in each of such court." In Article 2 of the agreement, "State" is defined as the State of Delaware.

## FACTUAL ALLEGATIONS AND CLAIMS

14.     This lawsuit seeks resolution of various parties' rights and obligations under a series of agreements that have been impacted by the dissolution of Ocwen FSB as set forth below.

15.     An Amended and Restated Operating Agreement of Ocwen 2000-LLC (the "Ocwen 2000 Operating Agreement") was entered into on October 30, 2001, to be effective as of September 1, 2001, by Ocwen FSB as managing member (the "Managing Member") and PNC Fund IV as investor member (the "Investor Member").

16. A Purchase and Sale Agreement ("PSA") dated as of September 1, 2000, was entered into by Ocwen FSB (on its own behalf and on behalf of Selling Partnerships identified in the PSA), Ocwen 2000, Ocwen Investment, and PNC Fund IV.

17. An Eighth Amendment to the Purchase and Sale Agreement Including Capital Contribution Agreement ("Eighth Amendment") was entered into effective September 1, 2001.

18. A Tax Indemnity Agreement ("Tax Indemnity") dated September 1, 2001, was given by Ocwen FSB to PNC Fund IV, PNC Bank and Fund IV, Inc.

19. On June 30, 2005, Ocwen FSB was voluntarily dissolved.

20. Plaintiffs understand that Defendants (erroneously) contend that although Ocwen FSB dissolved, its assets and liabilities, including its interests in Ocwen 2000, were transferred to an affiliate, Ocwen Servicing, as a successor in interest to Ocwen FSB.

21. Article 2 of the Ocwen 2000 Operating Agreement provides that an "Event of Withdrawal" includes the "voluntary or involuntary dissolution of the Managing Member." The Investor Member has not waived such Event of Withdrawal, in writing or otherwise.

22. Section 5.3.7 of the Ocwen 2000 Operating Agreement provides that "[i]f an Event of Withdrawal occurs with respect to the Managing Member, the Company shall designate a successor Managing Member in accordance with the Treasury Regulation Sections 301.6231(a)(7)-1 or any successor Regulation, of applicable. . . ."

23. Section 6.2 of the Ocwen 2000 Operating Agreement provides that the "Managing Member may transfer its interest in the Company . . . only with the prior written consent of the Investor Member." The Investor Member has not consented to any such transfer in writing or otherwise.

24. Following the Event of Withdrawal, Fund IV, Inc. was designated as and became Managing Member of Ocwen 2000, and remains the Managing Member of Ocwen 2000.

25. The Ocwen 2000 Operating Agreement provides that the representations and warranties of Ocwen FSB (and others) "will be true throughout the term of this Amended and Restated Operating Agreement."

26. The representations and warranties include the following:

(a) "The Managing Member has and shall maintain until at least five (5) years after the due date of the last Capital Contribution Payment a net worth sufficient to permit it to fulfill all of its obligations under this Agreement." (Section 9.1.3).

(b) "no Event of Withdrawal [which includes voluntary dissolution] has occurred with respect to the Managing Member" (Section 9.1.4).

(c) "The Managing Member has been duly organized, is validly existing and in good standing . . ." (Section 9.1.6).

27. Section 6.1 of the PSA includes a representation and warranty by Ocwen FSB (on its own behalf and on behalf of the Selling Partnerships and LLC), Ocwen Investment and Ocwen 2000 that "Ocwen [FSB] is chartered under the laws of the United States as a federal savings bank, and its charter is in full force and effect."

28. Section 4.6 of the Eighth Amendment states that "[a]ll representations, warranties, covenants and indemnities contained herein and in [the PSA] shall survive the execution and delivery of this Agreement and continue in full force and effect" until events which have not yet occurred, including "the expiration of the statute of limitations for federal income tax purposes with respect to any federal tax return filed by [PNC Fund IV] which is affected by any of the transactions . . . ." The general statute of limitations for federal income tax purposes is (at least) three (3) years. 26 U.S.C. § 6501.

29.     Each of the foregoing was breached by the dissolution of Ocwen FSB.

30.     Pursuant to Section 1.1 of the Eighth Amendment, PNC Fund IV is to make certain payments to Ocwen 2000 on certain conditions.

31.     Section 1.1 further provides that Ocwen 2000 will, in turn, make certain payments to Ocwen FSB "as agent" for the owner of "remaining subject interests," such owners being the "remaining operating partnerships."

32.     As of the date of the Eighth Amendment, the Remaining Operating Partnerships were:

(1)     Bay Berry Mews Operating Partnership;
(2)     Capital Heights Operating Partnership;
(3)     Sterling Woods Operating Partnership;
(4)     202 South Division Operating Partnership;
(5)     211 Eagle Operating Partnership;
(6)     Gardens Operating Partnership (Country Commons and Rose Garden); and
(7)     Falls Landing Operating Partnership.

33.     However, Section 3.3 of the Eighth Amendment provides that the obligation to make payments is subject to offset, *inter alia*, for "the amount of any 'Indemnity Payment' which is delinquent" [under the Tax Indemnity], as well as any costs incurred as a consequence of "any receivership or conservatorship of Ocwen initiated by the [FDIC] or any other appropriate federal banking agency. . . ."

34.     Pursuant to the Tax Indemnity, Ocwen FSB agreed to indemnify PNC Fund IV, PNC Bank and Fund IV, Inc., against tax credit shortfalls and other tax liability.

35.     The dissolution of Ocwen FSB has prevented its ability to perform under the Tax Indemnity, and constitutes a breach and/or anticipatory breach of same.

36.     Alternatively, the dissolution of Ocwen FSB, which was approved and supervised by the Office of Thrift Supervision, is equivalent to a receivership or conservatorship.

### Request for Declaratory Judgment

37. An actual controversy exists between the parties regarding the effect of the dissolution of Ocwen FSB on the parties' respective rights and obligations, if any, pursuant to the PSA, Eighth Amendment, Ocwen 2000 Operating Agreement and/or Tax Indemnity.

38. Resolution of this dispute by the entry of judgment declaring the parties' contractual rights is necessary and appropriate under the existing facts and circumstances.

39. Judgment will serve a useful purpose in clarifying and settling the legal relationship between the parties.

40. Judgment will afford Plaintiffs relief from the uncertainty, insecurity and controversy giving rise to this proceeding.

41. Plaintiffs request leave to deposit all payments that are due or may become due to Ocwen 2000 or any Defendant into the registry of the Court, pending final resolution of this case or other order of the Court.

The Plaintiffs respectfully request the Court to enter the following relief:

a. The Court enter final judgment declaring that Fund IV, Inc. is the Managing Member of Ocwen 2000;

b. The Court enter final judgment declaring that the Ocwen FSB and any "successor," including Ocwen Services, is not the Managing Member of Ocwen 2000;

c. The Court enter final judgment that the Tax Indemnity, PSA, Eighth Amendment and/or Ocwen 2000 Operating Agreement have been breached by Defendants;

d. The Court enter an order that Plaintiffs are not obligated to make any further payments under the PSA or the Eighth Amendment;

 e. The Court enter final judgment against the Defendants in an amount to be determined at trial with interests and costs;

 f. Award Plaintiffs their costs and attorneys' fees; and

 g. Enter such other and further relief that in the interest of justice are appropriate.

ECKERT SEAMANS CHERIN & MELLOTT, LLC

_/s/_

Karen Lee Turner (No. 4332)
Michael G. Busenkell (No. 3933)
300 Delaware Avenue
Suite 1630
Wilmington, DE 19801
(302) 425-0430

- and -

Charles L. Perry
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
E-mail: cperry@akllp.com
Facsimile: (214) 659-4894
(pro hac vice pending)

ATTORNEYS FOR PLAINTIFFS

_U0001988_

≈JS 44 (Rev. 11/04)                                    CIVIL COVER SHEET                                          APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Columbia Housing/PNC Institutional Fund IV Limited Partnership, Columbia Housing SLP Corporation, Ocwen 2000-LLC, PNC Bank, and Columbia Housing/PNC Fund IV, Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Karen Lee Turner, Esquire, Eckert Seamans Cherin & Mellott, LLC, 1515 Market St., 9th Fl., Philadelphia, PA 19102

## DEFENDANTS
Ocwen Federal Bank FSB, Ocwen Investment Corporation, and Ocwen Loan Servicing, LLC.

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sec. 1332
Brief description of cause:
Request for declaratory judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 6/5/06    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06-371

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __3__ COPIES OF AO FORM 85.

_____     _____Shane Handlin_____
(Date forms issued)          (Signature of Party or their Representative)

                             _____Shane Handlin_____
                             (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action