IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COLUMBIA HOUSING/PNC INSTITUTIONAL :
FUND IV LIMITED PARTNERSHIP,            :
COLUMBIA HOUSING SLP CORPORATION, :
OCWEN2000-LLC, PNC BANK, and            :
COLUMBIA HOUSING/PNC FUND IV, INC.,  :
                                                              :
         Plaintiffs,                                      :
                                                              :
    v.                                                      :        Civil Action No. 06-371 GMS
                                                              :
OCWEN FEDERAL BANK FSB, OCWEN  :
INVESTMENT CORPORATION, and OCWEN :
LOAN SERVICING, LLC,                         :
                                                              :
         Defendants.                                  :

**DEFENDANTS' MOTION FOR
<u>RECONSIDERATION/REARGUMENT OF COURT'S JUNE 22, 2006 ORDER</u>**

SAUL EWING LLP
Domenic E. Pacitti (No. 3989)
Michael F. Bonkowski (No. 2219)
Kimberly L. Gattuso (No. 3733)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6800
(302) 421-6813
dpacitti@saul.com

Counsel for Defendants
OCWEN FEDERAL BANK FSB, OCWEN
INVESTMENT CORPORATION, and
OCWEN LOAN SERVICING, LLC

537887.1 6/30/06

OF COUNSEL:

Joshua C. Krumholz (not yet admitted)
Elizabeth M. Mitchell (not yet admitted)
Benjamin M. Mcgovern (not yet admitted)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700 (telephone)
(617) 523-6850 (facsimile)
joshua.krumholz@hklaw.com

DATED:      June 30, 2006

# TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

SUMMARY OF ARGUMENT ........................................................................................ 2

BRIEF FACTUAL BACKGROUND ............................................................................... 2

ARGUMENT .................................................................................................................... 3

    A.    Standards on This Motion .................................................................................. 3

    B.    The Court Patently Misunderstood Defendants and Made an Error of Apprehension by Issuing Its Order Prior to the Deadline for the Filing of Defendants' Opposition and Plaintiffs' Reply ................................................. 4

    C.    Plaintiffs' Failed to Comply with District Court Local Rule 7.1.1 ..................... 5

CONCLUSION ................................................................................................................. 7

## TABLE OF AUTHORITIES

### CASES

Bayer AG, et al. v. Housey Pharmaceuticals, Inc., No. 01-148-SLR, 2002 WL
    31433303 (D.Del. June 20, 2002) .................................................................................. 6

Dentsply International, Inc. v. Kerr Manufacturing Co., 42 F. Supp. 2d 385
    (D.Del. 1999) ...................................................................................................................... 4

Kavanagh v. Keiper Recaro Seating, Inc., C.A. No. 98-556, 2003 WL 22939281
    (D.Del. July 24, 2003) ........................................................................................................ 4

Max's Seafood Café v. Quinteros, 176 F.3d 669 (3d Cir. 1999) ............................................... 4

Pirelli Cable Corp. v. Ciena Corp., 988 F. Supp. 424 (D.Del. 1998) ....................................... 3

### RULES AND STATUTES

District Court Local Rule 7.1.2 ............................................................................................ 4, 5

District Court Local Rule 7.1.5 ......................................................................................... 1, 3, 4

Federal Rule of Civil Procedure 7.1.1 ................................................................................ 2, 5, 6

Federal Rule of Civil Procedure Rule 59(e) ............................................................................. 4

Federal Rule of Civil Procedure 67 ..................................................................................... 1, 4

Pursuant to Federal Rules of Civil Procedure 60(b) and Local District Rule 7.1.5, Defendants Ocwen Federal Bank FSB, Ocwen Investment Corporation and Ocwen Loan Servicing, LLC (the "Defendants"), by and through their undersigned counsel, hereby move the Court for an Order, in the form attached hereto, granting Reconsideration/Reargument of its June 22, 2005 Order granting the Motion for Leave to Deposit Funds into the Court Registry of the Plaintiffs Columbia Housing/PNC Institutional Fund IV Limited Partnership ("PNC Fund IV"), Columbia Housing SLP Corporation ("Columbia SLP"), Ocwen 2000-LLC ("Ocwen 2000"), PNC Bank and Columbia Housing/PNC Fund IV, Inc. ("Fund IV, Inc.") (collectively, "Plaintiffs")

## NATURE AND STAGE OF PROCEEDINGS

On June 5, 2006, Plaintiffs filed their complaint seeking declaratory relief regarding the effect of the dissolution of Ocwen FSB on the parties' respective rights and obligations pursuant to the Purchase and Sale Agreement ("PSA"), the Eighth Amendment to the Purchase and Sale Agreement Including Capital Contribution Agreement (the "Eighth Amendment") and the Amended and Restated Operating Agreement of Ocwen 2000-LLC (the "Ocwen 2000 Operating Agreement") and/or the Tax Indemnity Agreement (the "Tax Indemnity"). On that same day, Plaintiffs filed a three-paragraph Motion for Leave to Deposit Funds into the Court Registry (the "Motion"), pursuant to Federal Rule of Civil Procedure 67 ("Rule 67").

Despite having filed their Complaint and Motion on June 5, 2006, Plaintiffs did not effectuate service of either the Complaint or Motion on the Defendants until June 12, 2006. A response therefore became due on June 22, 2006. Accordingly, on that date, Defendants filed their Opposition to Plaintiffs' Motion for Leave to Deposit Funds into the Court Registry (Docket No. 7) ("Opposition").

Plaintiffs, however, never filed a notice of service with the Court. The Court presumably assumed that the response deadline was June 15, 2006 – ten days after the Motion was filed. As a result, the Court, with no opposition on record, apparently allowed the Motion (the "Order") before having the benefit of Defendants' arguments in its Opposition.

## SUMMARY OF ARGUMENT

1.  Where Plaintiffs never filed a notice of service, and the Court therefore assumed that the deadline had passed without objection and that the Defendants did not oppose the Motion, the Court patently misunderstood Defendants' position and made an error of apprehension.

2.  Plaintiffs failed to file a statement in accordance with District Court Local Rule 7.1.1 and, therefore, Plaintiffs' Motion was not properly before the Court.

## BRIEF FACTUAL BACKGROUND

As set forth more fully in Defendants' Opposition, Plaintiffs' Complaint focuses upon two distinct agreements: (1) the Amended and Restated Operating Agreement of Ocwen 2000-LLC (the "Operating Agreement"); and (2) the PSA, with amendments. PNC Fund IV and Ocwen Federal Bank FSB ("Ocwen FSB") are the parties to the Operating Agreement. Those entities also are parties to the PSA, as is Ocwen Investment Corp. ("Ocwen Investment"), the other named defendant. Despite being named plaintiffs, Columbia SLP, PNC and Fund IV, Inc. are not parties to either agreement.

Through their Complaint, Plaintiffs seek, *inter alia*, a declaration that they need not make payments under the PSA. In their motion, they seek an order allowing them to deposit the allegedly disputed funds with the Court while the matter is pending.

As set forth more fully in Defendants' Opposition, Plaintiffs have no good faith basis for contesting those payments. Although their Motion is devoid of any reasoning at all, their

apparent sole basis derives from the dissolution of Ocwen FSB and the assignment of Ocwen FSB's liabilities to OLS. Yet, as explained more fully in the Opposition, Plaintiffs were fully aware of the dissolution and assignment process as it occurred, and never contested or complained about it. In fact, Plaintiffs already have made substantial payments of the nature now contested, even though they were fully aware of the dissolution and assignment by that time. In reality, Plaintiffs offer, at best, hypothetical scenarios where some payment theoretically may not come due in the future; events which will never occur and, even if they do, can be addressed through Plaintiffs' rights of offset and existing guaranties.

As such, Defendants have substantial arguments as to why Plaintiffs' Motion should not be allowed. Since Plaintiffs' failure to follow the court rules caused the Court to allow the Motion without reviewing those reasons, Defendants' Motion for Reconsideration/Reargument of the Court's June 22, 2006 Order should be granted.

## ARGUMENT

### A.    Standards on This Motion

Pursuant to Delaware's District Court Local Rule 7.1.5, a party may move for reargument within ten days after the filing of the court's opinion or decision. The Defendants have filed this Motion within such time period. The standards that govern the court's decision on a motion for reargument are well settled. Specifically, a motion for reconsideration may be granted where: (1) the Court has patently misunderstood a party, (2) the Court has made an error not of reasoning, but of apprehension, or (3) the Court has made a decision outside the scope of the issues presented by the party. Pirelli Cable Corp. v. Ciena Corp., 988 F.Supp. 424, 445 (D.Del. 1998) (citation omitted). The decision to grant a motion for reargument lies within the discretion of the court. Dentsply International, Inc. v. Kerr Manufacturing Co., 42 F.Supp. 2d 385, 419 (D.Del. 1999).

Likewise, pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), reargument is appropriate if the moving party presents the Court with a change of controlling law, newly discovered evidence, a clear error of law or fact, or the need to prevent manifest injustice. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). This court has previously determined that motions for reargument brought pursuant to Rule 59(e) are the "functional equivalent" of a motion brought under Local Rule 7.1.5. See Kavanagh v. Keiper Recaro Seating, Inc., C.A. No. 98-556, 2003 WL 22939281, at *2 (D.Del. July 24, 2003) (attached as Exhibit A hereto).

### B. The Court Patently Misunderstood Defendants and Made an Error of Apprehension by Issuing Its Order Prior to the Deadline for the Filing of Defendants' Opposition and Plaintiffs' Reply

District Court Local Rule 7.1.2 ("Rule 7.1.2") governs the briefing schedule for motions filed in this Court. Specifically, Rule 7.1.2 provides that "the answering brief and accompanying affidavit(s) shall be served and filed no later than 10 days after service and filing of the opening brief" and that "the reply brief and accompanying affidavit(s) shall be served and filed no later than 5 days after service and filing of the answering brief." D.Del.L.R. 7.1.2(a)(b) and (c). Accordingly, since Plaintiffs effectuated service of the Complaint and Motion on Defendants on June 12, 2006, Defendants' response to Plaintiffs' Motion was due on or before June 22, 2006. Similarly, Plaintiffs' reply brief was due on or before June 29, 2006. At no time, did Plaintiffs seek expedited consideration of their Motion.

In accordance with Rule 7.1.2, Defendants timely filed their Opposition, setting forth a number of reasons and defenses, that support a denial of Plaintiffs' Motion.[1] *See* Opposition at 6-11. Although the filing of Defendants' Opposition was well within the procedurally mandated

---

[1] Indeed, Defendants intend to file a Motion to Dismiss based on lack of subject matter jurisdiction.

response time, the Court, *sua sponte*, granted Plaintiffs' Motion prior to receiving Defendants' timely filed Opposition. In so doing, the Court did not provide Defendants with an opportunity to respond to Plaintiffs' Motion and, thus, could not have understood the basis of Defendants' Opposition. As a result, in granting Plaintiffs' Motion, the Court patently misunderstood the Defendants' position and made an error not of reasoning, but of apprehension. This turn of events could easily have occurred since Plaintiffs failed to file any proof of service regarding the Complaint or Motion. For these reasons, Defendants' Motion for Reconsideration/Reargument of the Court's June 22, 2006 Order should be granted.

C. **Plaintiffs' Failed to Comply with District Court Local Rule 7.1.1**

Pursuant to District Court Local Rule 7.1.1 ("Rule 7.1.1"):

> the Court will not entertain any non-dispositive motion . . . unless counsel for the moving party files with the Court, at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion.

D.Del.L.R. 7.1.1. Despite this requirement, Plaintiffs failed to file a statement demonstrating that they made any reasonable efforts to reach agreement on the matters set forth in the motion. Indeed, Plaintiffs did not even confer with Defendants' counsel prior to filing their Motion. As a result of Plaintiffs' deficiencies, their Motion was not properly before the Court and, thus, should not have been considered.

In *Bayer AG, et al. v. Housey Pharmaceuticals, Inc.*, this Court denied a party's motion to compel the production of documents solely on the basis that the movant failed to file a statement in accordance with Rule 7.1.1. See Bayer AG, et al. v. Housey Pharmaceuticals, Inc., No. 01-148-SLR, 2002 WL 31433303 at *2 (D.Del. June 20, 2002) (attached as Exhibit B hereto). Accordingly, at the very least, Plaintiffs' Motion should not have even made it through the filing process, let alone received Court approval. The Court's consideration of Plaintiffs'

Motion resulted in a manifest injustice to Defendants as they will now be deprived of substantial payments to which they are legally entitled. Therefore, in order to prevent the continuation of this manifest injustice, Defendants' Motion for Reconsideration/Reargument of the Court's June 22, 2006 Order should be granted.

## **CONCLUSION**

For the reasons set forth herein, Defendants respectfully request that this Court reconsider its June 22, 2006 Order granting Plaintiffs' Motion for Leave to Deposit Funds into the Court Registry.

                                          **SAUL EWING LLP**

                                          /s/ Domenic E. Pacitti
                                          Domenic E. Pacitti (No. 3989)
                                          Michael F. Bonkowski (No. 2219)
                                          Kimberly L. Gattuso (No. 3733)
                                          222 Delaware Avenue, Suite 1200
                                          P.O. Box 1266
                                          Wilmington, DE  19899
                                          (302) 421-6800
                                          (302) 421-6813
                                          dpacitti@saul.com

                                          Counsel for Defendants
                                          OCWEN FEDERAL BANK FSB, OCWEN
                                          INVESTMENT CORPORATION, and
                                          OCWEN LOAN SERVICING, LLC

OF COUNSEL:

Joshua C. Krumholz (not yet admitted)
Elizabeth M. Mitchell (not yet admitted)
Benjamin M. Mcgovern (not yet admitted)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700 (telephone)
(617) 523-6850 (facsimile)
joshua.krumholz@hklaw.com

DATED:     June 30, 2006

# Exhibit A



Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2003 WL 22939281 (D.Del.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

H  
Only the Westlaw citation is currently available.  
United States District Court,D. Delaware.  
Juanita L. KAVANAGH and Gerald Kavanagh, Jr., Plaintiffs,  
v.  
KEIPER RECARO SEATING, INC., a Corporation of the State of Michigan, Keiper Enterprises, Inc., a Corporation of the State of Michigan, Recaro North America, Inc., a Corporation of the State of Michigan, Defendants.  
No. Civ.A. 98-556-JJF.

July 24, 2003.

Robert Jacobs, of Jacobs & Crumplar, P.A., Wilmington, Delaware. for Plaintiffs.  
Armand J. Della Porta, Jr., of Kelley Jasons McGuire & Spinelli, L.L.P., Wilmington, Delaware. for Defendants.

*MEMORANDUM OPINION*  
FARNAN, J.  
*1 Pending before the Court is a Motion For Reargument (D.I.219) filed by Plaintiffs, Juanita L. Kavanagh and Gerald Kavanagh, requesting the Court to reconsider its previously entered Order (D.I.218) granting partial summary judgment in favor of Defendants on Plaintiffs' claims for breach of warranty under Delaware law. For the reasons discussed, Plaintiffs' Motion For Reargument will be denied.

BACKGROUND

The pertinent factual background of this case has been set forth fully by the Court in its previously issued Memorandum Opinion. *Kavanagh v. Keiper,* Civ. Act. No. 98-556-JJF, mem. op. at 1-2 (D.Del. Sept. 30, 2002) (*"Kavanagh I"*) (D.I.217). In *Kavanagh I,* the Court granted summary judgment in favor of Defendants on the grounds that Plaintiffs' warranty claims were barred by the applicable statute of limitations. In addition, the Court considered Plaintiffs' claim that the alleged defect was electrical in nature, and thus, covered by the three year express warranty in effect for electrical components. With regard to this claim, the Court concluded that Plaintiffs failed to establish a genuine issue of material fact as to whether the alleged defect was electrical in nature. Thereafter, Plaintiffs filed the instant Motion seeking reargument of that portion of the Court's decision pertaining to the warranty for electrical components.

DISCUSSION

I. Legal Standard For Reargument

Although not explicitly provided for in the Federal Rules of Civil Procedure, Local Rule 7.1.5 provides for the filing of reargument motions.[FN1] *See* D. Del. L.R. 7.1.5. The decision to grant a motion for reargument lies within the discretion of the district court; however, such motions should only be granted sparingly. *Dentsply Int'l, Inc. v. Kerr Mfg. Co.,* 42 F.Supp.2d 385, 419 (D.Del.1999).

> FN1. Local Rule 7.1.5 provides:
> A motion for reargument shall be served and filed within 10 days after the filing of the Court's opinion or decision. The motion shall briefly and distinctly state the grounds therefor. Within 10 days after service of such motion, the opposing party may serve and file a brief answer to each ground asserted in the motion. The Court will determine from the motion and answer whether reargument will be granted.

A motion for reargument "should not be used to rehash arguments already briefed or to allow a ' never-ending polemic between the litigants and the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2003 WL 22939281 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Court." ' *Id.* (citing *Ogelsby v. Penn Mutual Life Ins. Co.,* 877 F.Supp. 872, 892 (D.Del.1995)). As such, a motion for reargument may only be granted in three narrow circumstances: (1) where the court has patently misunderstood a party, (2) where the court has made an error not of reasoning, but of apprehension, or (3) where the court has made a decision outside the scope of the issues presented to the court by the parties. *Id.* (citing *Pirelli Cable Corp v. Ciena Corp.,* 988 F.Supp. 424, 445 (D.Del.1998)). With this standard in mind, the Court will address Plaintiffs' Motion For Reargument.

II. Plaintiffs' Motion For Reargument

By their Motion, Plaintiffs contend that the Court erred in concluding that Plaintiffs did not produce evidence creating a genuine issue of material fact as to whether the three year electrical warranty applied to the alleged defect in this case. Specifically, Plaintiffs contend that the report of Plaintiffs' expert, Frank Johnson, establishes that "a defect was found in the switch for activating the air or pneumatic column, which supports the seat." ( D.I. 219 at 2, citing D.I. 160 at 1-2). Because the switch is an electrical component, Plaintiffs maintain that the three year warranty with respect to electrical components is still in effect.

*2 Plaintiffs presented this exact argument to the Court in its opposition to Defendants' motion for summary judgment. Plaintiffs also advanced the same expert report, and the Court considered that report in reaching its conclusion that Plaintiffs " failed to provide any documentary or testimonial evidence that the alleged defect was electrical in nature." *Kavanagh I,* Civ. Act. No. 98-556 at 6. As such, Plaintiffs' Motion attempts to relitigate matters already decided by the Court, and therefore, Plaintiffs have not stated a cognizable ground justifying reargument in this case.FN2

FN2. Plaintiffs did not specify whether they were seeking reargument pursuant to Local Rule 7.1.5 or reargument pursuant to Federal Rule of Civil Procedure 59(e).

However, a motion for reargument under Rule 7.1.5 that challenges the correctness of a previously entered order is considered the "functional equivalent" of a motion to alter or amend judgment pursuant to Rule 59(e). *See e.g. New Castle County v. Hartford Accident and Indemnity Co.,* 933 F.2d 1162, 1176-1177 (3d Cir.1991). Even if the Court were to consider the standards governing Rule 59(e) motions to alter or amend judgment, the Court would conclude that Plaintiffs are not entitled to relief. Plaintiffs have not presented the Court with a change in controlling law, newly discovered evidence, a clear error of law or fact, or the need to prevent manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999).

However, even if the Court were to consider the substance of Plaintiffs' argument, the Court would not grant reargument and would reach the same conclusion it reached previously. The warranty for electrical components covers breakage and excessive wear under normal use. Mr. Johnson's expert report does not allege that any electrical component was broken or worn. At most, Mr. Johnson's report suggests that the location of the pneumatic suspension control switch may have been problematic, but the location of the switch is not an electrical issue covered by the applicable warranty. Accordingly, the Court finds no basis to alter its previous conclusion that Plaintiffs have "failed to provide any documentary or testimonial evidence that the alleged defect was electrical in nature." *Kavanagh,* Civ. Act. No. 98-556 at 6. Because Plaintiffs have failed to create a genuine issue of material fact as to whether the three year express warranty on electrical components applies, the Court concludes that summary judgment was properly granted in favor of Defendants, and therefore, Plaintiffs' Motion For Reargument will be denied.

CONCLUSION

For the reasons discussed, the Court will deny Plaintiffs' Motion For Reargument.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 3
Not Reported in F.Supp.2d, 2003 WL 22939281 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

An appropriate Order will be entered.

*ORDER*

At Wilmington, this 24th day of July 2003, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Plaintiffs' Motion For Reargument (D.I.219) is DENIED.

D.Del.,2003.
Kavanagh v. Keiper Recaro Seating, Inc.
Not Reported in F.Supp.2d, 2003 WL 22939281 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit B



Not Reported in F.Supp.2d                                                                                                          Page 1
Not Reported in F.Supp.2d, 2002 WL 31433303 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
BAYER AG and Bayer Corporation, Plaintiffs,
v.
HOUSEY PHARMACEUTICALS, INC.,
Defendant.
No. Civ.A. 01-148-SLR.

June 20, 2002.

MEMORANDUM ORDER

ROBINSON, J.
*1 At Wilmington this 20th day of June, 2002, having reviewed the papers submitted in connection with the various discovery motions;

IT IS ORDERED that:

1. Plaintiffs' motion to compel the production of documents withheld on grounds of privilege and to compel answers to deposition questions. (D.I.138)

a. The motion is granted with respect to the redacted portions of the invention reports. Defendant has produced redacted versions of its invention reports in order to share the "original scientific research information supporting the Housey patents." (D.I. 144 at 6) According to defendant, "[t]hese unredacted versions of Housey's invention reports also disclose otherwise privileged communications limited to the issues of conception and reduction to practice." (*Id.*) The question is whether, as defendant suggests, the waiver of privilege is appropriately limited to the subjects of conception and reduction to practice without extending to the subject of ownership of the patented inventions, an issue very much in dispute instantly. In the context of the invention reports, the court concludes that the issue of ownership is so intertwined with the issues of conception and reduction to practice that the waiver cannot be limited in the fashion suggested by defendant. As recognized by the Federal Circuit, "[c]onception is the touchstone of inventorship." *Burroughs Wellcome Co. v. Barr Labs., Inc.,* 40 F.3d 1223, 1227 (Fed.Cir.1994). Therefore, the conception analysis necessarily involves the question of when and to whom patent rights should attach. *See id.* at 1228-29. The court will not permit defendant to dissect the invention reports so that only those parts of the inventive process that support its position are disclosed, otherwise using the attorney-client privilege to shield from disclosure relevant information concerning the remainder of the inventive process.

b. The motion is granted with respect to the advice of counsel given in connection with the statement made to the Progenics stockholders, that is: "While Dr. Housey has been advised by patent counsel that such claims are without legal foundation, there can be no guarantees that such claims will not be asserted." (D.I.140, Ex. 3) Although the court does not believe this statement effects a wholesale waiver as to the subject matter of ownership, the fact that the substance of the advice was disclosed to third parties and that Dr. Housey benefitted from such disclosure does constitute a waiver as to the exact advice given by patent counsel in this regard.

c. The motion is denied in all other respects.

2. Plaintiffs' motion to limit the introduction of evidence. (D.I.145) If not mooted by the court's decision above, the court will grant this motion as follows: If defendant does not produce the requested evidence supporting the existence of experiments and other data disclosed in the patents in suit, defendant shall be precluded from relying on that evidence at trial and plaintiffs shall be permitted to argue the negative inference that such experiments were not performed by Dr. Housey and/or did not generate the data disclosed in the patents in suit.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                       Page 2
Not Reported in F.Supp.2d, 2002 WL 31433303 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

*2 3. Defendant's motion to compel the production of plaintiffs' unredacted research documents reflecting financial expenditures and documents reflecting financial analyses. (D.I.151) Said motion is denied, as it lacks a D. Del. L.R. 7.1.1 statement.

4. Defendant's motion to compel full disclosure from third-party fact witnesses retained by plaintiffs and Roche. (D.I.149) This motion is granted, to the following extent: As the court understands the papers submitted, all of the "third-party fact witnesses" identified by defendant have specific knowledge of allegedly critical facts relating to the issue of ownership of the patents in suit, facts upon which plaintiffs intend to rely. As pointed out by defendant, three of the witnesses (Drs. Weinstein, Hsiao and Johnson) submitted themselves to the jurisdiction of the court when moving for a protective order (D.I.94), and the fourth witness (Dr. Ueffing) is an expert witness for plaintiffs. Under these circumstances, the court concludes that it has personal jurisdiction over these individuals in connection with this related discovery motion. The court further concludes that, to the extent any of these witnesses will be called at trial by plaintiffs to testify about ownership of the patents in suit, defendant is entitled to fully explore the witnesses' bias, including their compensation and what, if any, work they have been hired to perform in connection with this and related litigation. On or before June 27, 2002, plaintiffs shall either have arranged for such disclosure, or shall have informed the court that they do not intend to call these witnesses at trial.

D.Del.,2002.
Bayer Ag v. Housey Pharmaceuticals, Inc.
Not Reported in F.Supp.2d, 2002 WL 31433303 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:01cv00148 (Docket) (Mar. 06, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLUMBIA HOUSING/PNC INSTITUTIONAL FUND IV LIMITED PARTNERSHIP, COLUMBIA HOUSING SLP CORPORATION, OCWEN2000-LLC, PNC BANK, and COLUMBIA HOUSING/PNC FUND IV, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORPORATION, and OCWEN LOAN SERVICING, LLC, <br><br> Defendants. | Civil Action No. 06-371 GMS |

**ORDER GRANTING DEFENDANTS' MOTION FOR
RECONSIDERATION/REARGUMENT OF COURT'S JUNE 22, 2006 ORDER**

On this date, the Court considered the Motion for Reconsideration/Reargument of Court's June 22, 2006 Order ("Motion for Reconsideration/Reargument") filed by Defendants Ocwen Federal Bank FSB, Ocwen Investment Corporation and Ocwen Loan Servicing, LLC (the "Defendants").

Having considered the Motion for Reconsideration/Reargument and any responses thereto, this Court is of the opinion that the Motion should be granted.

It is therefore, ORDERED that the Motion for Reconsideration/Reargument is GRANTED.

                                                    _____
                                                    GREGORY M. SLEET
                                                    UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLUMBIA HOUSING/PNC INSTITUTIONAL FUND IV LIMITED PARTNERSHIP, COLUMBIA HOUSING SLP CORPORATION, OCWEN 2000-LLC, PNC BANK, and COLUMBIA HOUSING/PNC FUND IV, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORPORATION, and OCWEN LOAN SERVICING, LLC <br><br> Defendants. | Civil Action No. 06-371 |

I, Domenic E. Pacitti, Esquire, hereby certify that on June 30, 2006, I electronically filed DEFENDANTS' MOTION FOR RECONSIDERATION/REARGUMENT OF COURT'S JUNE 22, 2005 ORDER with the Clerk of Court using CM/ECF which will send notification of such filing. A copy of the document was served on the following counsel in the manner indicated:

**VIA REGULAR MAIL**

Karen Lee Turner
Michael Busenkell
Eckert Seamans Cherin & Mellott
300 Delaware Avenue, Suite 1360
Wilmington, Delaware 19801

**VIA REGULAR MAIL**

Charles L. Perry
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, TX 75201

_____
Domenic E. Pacitti (DE Bar No. 3989)
222 Delaware Avenue, 12th Floor
Wilmington, DE 19801
(302) 421-6864
(302) 421-5881
dpacitti@saul.com

537887.1 6/30/06