## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLUMBIA HOUSING/PNC INSTITUTIONAL FUND IV LIMITED PARTNERSHIP, COLUMBIA HOUSING SLP CORPORATION, OCWEN 2000-LLC, PNC BANK, and COLUMBIA HOUSING/PNC FUND IV, INC., §§§§§§§§§ | NO. _____ |
| **Plaintiffs,** §§ | |
| v. §§ | |
| OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORPORATION, and OCWEN LOAN SERVICING, LLC, §§§§§ | |
| **Defendants.** § | |

### FIRST AMENDED COMPLAINT

Plaintiffs Columbia Housing/PNC Institutional Fund IV Limited Partnership, Columbia Housing SLP Corporation, Ocwen 2000-LLC, PNC Bank, and Columbia Housing/PNC Fund IV, Inc. bring this action against Ocwen Federal Bank FSB, Ocwen Investment Corporation, and Ocwen Loan Servicing, LLC, as follows:

### PARTIES

1.    Plaintiff Columbia Housing/PNC Institutional Fund IV Limited Partnership is a Massachusetts limited partnership ("PNC Fund IV").

2.    Plaintiff Columbia Housing SLP Corporation ("Columbia SLP") is an Oregon corporation, with its principal place of business in Oregon.

3.    Plaintiff Ocwen 2000-LLC ("Ocwen 2000") is a Delaware limited liability company.

4.      Plaintiff PNC Bank ("PNC Bank") is a national banking association located in the State of Pennsylvania.

5.      Plaintiff Columbia Housing/PNC Fund IV, Inc. ("Fund IV, Inc.") is a Massachusetts corporation, with its principal place of business in the State of Pennsylvania.

6.      Defendant Ocwen Federal Bank FSB is a dissolved United States federal savings bank ("Ocwen FSB") that may be served with process by serving c/o Ocwen Financial Corporation at Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.  On information and belief, Ocwen FSB was located in the State of Florida.

7.      Defendant Ocwen Investment Corporation is a New Jersey corporation ("Ocwen Investment") that may be served with process by serving The Prentice Hall Corporation, 150 West State Street, Trenton, NJ 08608.  On information and belief, Ocwen Investment's principal place of business is in the State of Florida.

8.      Defendant Ocwen Loan Servicing, LLC ("Ocwen Servicing") is a Delaware limited liability company that may be served with process by serving Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.  On information and belief, Ocwen Servicing purports to be the successor to Ocwen FSB, and to have ~~has~~ assumed certain~~the~~ liabilities of Ocwen FSB.

9.      The partners in PNC Fund IV are PNC Bank and Fund IV, Inc.

10.     The members in Ocwen 2000 are currently PNC Fund IV and Fund IV, Inc. Ocwen FSB was formerly a member.

11.     On information and belief, the members of Ocwen Servicing are citizens of the State of Florida, or states other than Oregon, Pennsylvania or Massachusetts.

## JURISDICTION AND VENUE

12.     Jurisdiction of this action is proper in this Court because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.

13.     Venue and jurisdiction are proper pursuant to section 10.9 of the herein-defined Ocwen 2000 Operating Agreement which provides that "[e]ach Member irrevocably (a) agrees that any suit, action or other legal proceedings arising out of this Amended and Restated Operating Agreement or any of the transactions contemplated hereby shall be brought in the appropriate State court or the court of the United States of America for the Federal District of the State; (b) consents to the jurisdiction of such court in any suit, action, or proceeding; and (c) waives any objection that he or it may have to the laying of venue of any such suit, action or proceeding in each of such court."  In Article 2 of the agreement, "State" is defined as the State of Delaware.

## FACTUAL ALLEGATIONS AND CLAIMS

14.     This lawsuit seeks resolution of various parties' rights and obligations under a series of agreements that have been impacted by the dissolution of Ocwen FSB as set forth below.

15.     An Amended and Restated Operating Agreement of Ocwen 2000-LLC (the "Ocwen 2000 Operating Agreement") was entered into on October 30, 2001, to be effective as of September 1, 2001, by Ocwen FSB as managing member (the "Managing Member") and PNC Fund IV as investor member (the "Investor Member").

16.     A Purchase and Sale Agreement ("PSA") dated as of September 1, 2000, was entered into by Ocwen FSB (on its own behalf and on behalf of Selling Partnerships identified in the PSA), Ocwen 2000, Ocwen Investment, and PNC Fund IV.

17.     An Eighth Amendment to the Purchase and Sale Agreement Including Capital Contribution Agreement ("Eighth Amendment") was entered into effective September 1, 2001.

18.     A Tax Indemnity Agreement ("Tax Indemnity") dated September 1, 2001, was given by Ocwen FSB to PNC Fund IV, PNC Bank and Fund IV, Inc.

19.     On June 30, 2005, Ocwen FSB was voluntarily dissolved.

20.     Plaintiffs understand that Defendants (erroneously) contend that although Ocwen FSB dissolved, certain~~its~~ assets and liabilities, including its interests in Ocwen 2000, were transferred to an affiliate, Ocwen Servicing, as a successor in interest to Ocwen FSB. <u>Plaintiffs have not consented to any such transfer.</u>

21.     Article 2 of the Ocwen 2000 Operating Agreement provides that an "Event of Withdrawal" includes the "voluntary or involuntary dissolution of the Managing Member." The Investor Member has not waived such Event of Withdrawal, in writing or otherwise.

22.     Section 5.3.7 of the Ocwen 2000 Operating Agreement provides that "[i]f an Event of Withdrawal occurs with respect to the Managing Member, the Company shall designate a successor Managing Member in accordance with the Treasury Regulation Sections 301.6231(a)(7)-1 or any successor Regulation, of applicable. . . ."

23.     Section 6.2 of the Ocwen 2000 Operating Agreement provides that the "Managing Member may transfer its interest in the Company . . . only with the prior written consent of the Investor Member." The Investor Member has not consented to any such transfer in writing or otherwise.

24.     Following the Event of Withdrawal, Fund IV, Inc. was designated as and became Managing Member of Ocwen 2000, and remains the Managing Member of Ocwen 2000.

25.     The Ocwen 2000 Operating Agreement provides that the representations and warranties of Ocwen FSB (and others) "will be true throughout the term of this Amended and Restated Operating Agreement."

26.     The representations and warranties include the following:

(a)     "The Managing Member has and shall maintain until at least five (5) years after the due date of the last Capital Contribution Payment a net worth sufficient to permit it to fulfill all of its obligations under this Agreement." (Section 9.1.3).

(b)     "no Event of Withdrawal [which includes voluntary dissolution] has occurred with respect to the Managing Member" (Section 9.1.4).

(c)     "The Managing Member has been duly organized, is validly existing and in good standing . . ." (Section 9.1.6).

27.     Section 6.1 of the PSA includes a representation and warranty by Ocwen FSB (on its own behalf and on behalf of the Selling Partnerships and LLC), Ocwen Investment and Ocwen 2000 that "Ocwen [FSB] is chartered under the laws of the United States as a federal savings bank, and its charter is in full force and effect."

28.     Section 4.6 of the Eighth Amendment states that "[a]ll representations, warranties, covenants and indemnities contained herein and in [the PSA] shall survive the execution and delivery of this Agreement and continue in full force and effect" until events which have not yet occurred, including "the expiration of the statute of limitations for federal income tax purposes with respect to any federal tax return filed by [PNC Fund IV] which is affected by any of the transactions . . . ."  The general statute of limitations for federal income tax purposes is (at least) three (3) years.  26 U.S.C. § 6501.

29.     Each of the foregoing was breached by the dissolution of Ocwen FSB.

30.     Pursuant to Section 1.1 of the Eighth Amendment, PNC Fund IV is to make certain payments to Ocwen 2000 on certain conditions.

31.     Section 1.1 further provides that Ocwen 2000 will, in turn, make certain payments to Ocwen FSB "as agent" for the owner of "remaining subject interests," such owners being the "remaining operating partnerships."

32.     As of the date of the Eighth Amendment, the Remaining Operating Partnerships were:

    (1)     Bay Berry Mews Operating Partnership;
    (2)     Capital Heights Operating Partnership;
    (3)     Sterling Woods Operating Partnership;
    (4)     202 South Division Operating Partnership;
    (5)     211 Eagle Operating Partnership;
    (6)     Gardens Operating Partnership (Country Commons
            and Rose Garden); and
    (7)     Falls Landing Operating Partnership.

33.     However, Section 3.3 of the Eighth Amendment provides that the obligation to make payments is subject to offset, *inter alia*, for "the amount of any 'Indemnity Payment' which is delinquent" [under the Tax Indemnity], as well as any costs incurred as a consequence of "any receivership or conservatorship of Ocwen initiated by the [FDIC] or any other appropriate federal banking agency. . . ."

34.     Pursuant to the Tax Indemnity, Ocwen FSB agreed to indemnify PNC Fund IV, PNC Bank and Fund IV, Inc., against tax credit shortfalls and other tax liability.

35.     The Eighth Amendment also created an Investor Put Option (Section 2.3) that Fund IV could exercise after all payments related to any particular Operating Partnership. This Investor Put Option requires Ocwen FSB to repurchase the Operating Partnership Interest at fair

market value. The Investor Put Option is scheduled to arise as to two Operating Partnerships in 2008; as to two Operating Partnerships in 2010; and as to two Operating Partnerships in 2014.

~~35.~~36. The dissolution of Ocwen FSB has prevented its ability to perform under the Tax Indemnity, PSA and Eight Amendment and constitutes a breach and/or anticipatory breach of same.

~~36.~~37. Alternatively, the dissolution of Ocwen FSB, which was approved and supervised by the Office of Thrift Supervision, is equivalent to a receivership or conservatorship.

### Request for Declaratory Judgment

~~37.~~38. An actual controversy exists between the parties regarding the effect of the dissolution of Ocwen FSB on the parties' respective rights and obligations, if any, pursuant to the PSA, Eighth Amendment, Ocwen 2000 Operating Agreement and/or Tax Indemnity.

~~38.~~39. Resolution of this dispute by the entry of judgment declaring the parties' contractual rights is necessary and appropriate under the existing facts and circumstances.

~~39.~~40. Judgment will serve a useful purpose in clarifying and settling the legal relationship between the parties.

~~40.~~41. Judgment will afford Plaintiffs relief from the uncertainty, insecurity and controversy giving rise to this proceeding.

~~41.~~42. Plaintiffs request leave to deposit all payments that are due or may become due to Ocwen 2000 or any Defendant into the registry of the Court, pending final resolution of this case or other order of the Court.

The Plaintiffs respectfully request the Court to enter the following relief:

a.    The Court enter final judgment declaring that Fund IV, Inc. is the Managing Member of Ocwen 2000;

DXL:627181.1

  b.  The Court enter final judgment declaring that the Ocwen FSB and any "successor," including Ocwen Services, is not the Managing Member of Ocwen 2000;

  c.  The Court enter final judgment that the Tax Indemnity, PSA, Eighth Amendment and/or Ocwen 2000 Operating Agreement have been breached by Defendants;

  d.  The Court enter an order that Plaintiffs are not obligated to make any further payments under the PSA or the Eighth Amendment;

  e.  The Court enter final judgment against the Defendants in an amount to be determined at trial with interests and costs;

  f.  Award Plaintiffs their costs and attorneys' fees; and

  g.  Enter such other and further relief that in the interest of justice are appropriate.

        Respectfully submitted,

       By: _____
         Michael G. Busenkell (Bar No 3933)
         Eckert Seamans Cherin & Mellott, LLC
         300 Delaware Avenue, Suite 1360
         Wilmington, DE 19801
         (302) 425-0430
         (302) 425-0432 (fax)

         ATTORNEYS FOR PLAINTIFFS

Dated: <u>July 17, 2006</u>

Of Counsel:

Charles L. Perry, Esquire
ANDREWS KURTH LLP
State Bar No. 15799900
1717 Main Street, Suite 3700
Dallas, TX 75201
Email: cperry@akllp.com
Telephone: (214) 659-4681
Facsimile:  (214) 659-4894
(pro hac vice pending)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| COLUMBIA HOUSING/PNC | § | |
| INSTITUTIONAL FUND IV LIMITED | § | NO. 06-371 |
| PARTNERSHIP, COLUMBIA | § | |
| HOUSING SLP CORPORATION, | § | |
| OCWEN 2000-LLC, PNC BANK, and | § | |
| COLUMBIA HOUSING/PNC | § | |
| FUND IV, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| OCWEN FEDERAL BANK FSB, | § | |
| OCWEN INVESTMENT | § | |
| CORPORATION, and OCWEN | § | |
| LOAN SERVICING, LLC, | § | |
| | § | |
| Defendants. | § | |

**CERTIFICATE OF SERVICE**

I, Michael G. Busenkell, certify that on July 17, 2006 I caused a copy of the foregoing First Amended Complaint to be served in the manner indicated on:

**Hand Delivery**
Domenic E. Pacitti (Bar No. 3989)
Saul Ewing LLP
222 Delaware Ave., Suite 1200
Wilmington, DE  19801

**Facsimile and U.S. Mail**
Joshua C. Krumholz
Holland & Knight LLP
10 St. James Avenue
Boston, MA  02116

_____
Michael G. Busenkell (No. 3933)