IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLUMBIA HOUSING/PNC INSTITUTIONAL FUND IV LIMITED PARTNERSHIP, COLUMBIA HOUSING SLP CORPORATION, OCWEN 2000-LLC, PNC BANK, and COLUMBIA HOUSING/PNC FUND IV, INC., | § § § § § § § § | NO. 06-371 |
| Plaintiffs, | § § | |
| v. | § § | |
| OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORPORATION, and OCWEN LOAN SERVICING, LLC, | § § § § § § | |
| Defendants. | § | |

## OBJECTIONS TO DEFENDANTS' AFFIDAVITS

Defendants have submitted two affidavits, Affidavit of Michael Mosher in Support of the Defendants' Opposition to Plaintiffs' Motion for Leave to Deposit Funds into the Court Registry Dated June 22, 2006 ("Mosher Affidavit") and Affidavit of David Ho in Support of Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) ("Ho Affidavit"). Although the titles refer to specific motions, Defendants have cited the affidavits in connection with each of the pending motions, Defendants' Motion to Dismiss, Pursuant to Fed.R.Civ.P. 12(b)(1) and Motion for Reconsideration/Reargument of Court's June 22, 2006 Order.

### I. Objections To Mosher Affidavit

1. Plaintiffs object to the Mosher Affidavit, as follows:

2. Plaintiffs object to the Mosher Affidavit as a whole as hearsay. The Affidavit does not state that Mr. Mosher has personal knowledge of the facts contained in the affidavit, nor does it otherwise identify the source of the information contained in the affidavit.

3. Plaintiffs object to paragraph 4 of the Mosher Affidavit as it attempts to characterize the contents of a written document. The document will speak for itself and be the best evidence, and the characterization is hearsay.

4. Plaintiffs object to paragraph 5 of the Mosher Affidavit as it attempts to characterize the contents of a written document. The document will speak for itself and be the best evidence, and the characterization is hearsay.

5. Plaintiffs object to paragraph 6 of the Mosher Affidavit as it attempts to characterize the contents of a written document. The document will speak for itself and be the best evidence, and the characterization is hearsay.

6. Plaintiffs object to paragraph 8 of the Mosher Affidavit as it attempts to characterize the contents of a written document. The document will speak for itself and be the best evidence, and the characterization is hearsay.

7. Plaintiffs object to paragraph 9 of the Mosher Affidavit as it attempts to characterize the contents of a written document. The document will speak for itself and be the best evidence, and the characterization is hearsay.

8. Plaintiffs object to paragraph 13 of the Mosher Affidavit as it attempts to characterize the contents of a written document. The document will speak for itself and be the best evidence, and the characterization is hearsay.

9. Plaintiffs object to paragraph 14 of the Mosher Affidavit as it attempts to characterize the contents of a written document. The document will speak for itself and be the best evidence, and the characterization is hearsay.

10. Plaintiffs object to paragraph 16 of the Mosher Affidavit because same is a conclusion, is hearsay, and fails to set forth facts which would be admissible in evidence.

11. Plaintiffs object to paragraph 24 of the Mosher Affidavit as it attempts to characterize the contents of a written document. The document will speak for itself and be the best evidence, and the characterization is hearsay.

12. Additionally, Plaintiffs object to Exhibit 13 of the Mosher Affidavit because significant portions of the exhibit are illegible and unreadable.

13. Plaintiffs object to paragraph 25 of the Mosher Affidavit as it attempts to characterize the contents of a written document. The document will speak for itself and be the best evidence, and the characterization is hearsay.

14. Plaintiffs object to paragraph 26 of the Mosher Affidavit as it attempts to characterize the contents of a written document. The document will speak for itself and be the best evidence, and the characterization is hearsay.

## II. Objections To Ho Affidavit

Plaintiffs object to the Ho Affidavit, as follows:

15. Plaintiffs object to the Ho Affidavit as a whole as hearsay. The affidavit does not state that Mr. Ho has personal knowledge of the facts contained in the affidavit, nor does it otherwise identify the source of the information contained in the affidavit.

16. Plaintiffs object to paragraph 3 of the Ho Affidavit as it attempts to characterize the contents of a written document. The document will speak for itself and be the best evidence, and the characterization is hearsay.

17. Plaintiffs object to paragraph 4 of the Ho Affidavit because same is a conclusion, is hearsay, and fails to set forth facts which would be admissible in evidence.

18. Plaintiffs object to paragraph 5 of the Ho Affidavit because same is a conclusion, is hearsay, and fails to set forth facts which would be admissible in evidence.

Respectfully submitted,

By: _____
Michael G. Busenkell (Bar No. 3933)
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1360
Wilmington, DE 19801
(302) 425-0430
(302) 425-0432 (fax)

ATTORNEYS FOR PLAINTIFFS

Dated: July 17, 2006

Of Counsel:

Charles L. Perry, Esquire
ANDREWS KURTH LLP
State Bar No. 15799900
1717 Main Street, Suite 3700
Dallas, TX 75201
Email: cperry@akllp.com
Telephone: (214) 659-4681
Facsimile: (214) 659-4894
(pro hac vice pending)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLUMBIA HOUSING/PNC INSTITUTIONAL FUND IV LIMITED PARTNERSHIP, COLUMBIA HOUSING SLP CORPORATION, OCWEN 2000-LLC, PNC BANK, and COLUMBIA HOUSING/PNC FUND IV, INC., | § § § § § § § § § | NO. 06-371 |
| Plaintiffs, | § § | |
| v. | § § | |
| OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORPORATION, and OCWEN LOAN SERVICING, LLC, | § § § § § | |
| Defendants. | § | |

## CERTIFICATE OF SERVICE

I, Michael G. Busenkell, certify that on July 17, 2006 I caused a copy of the foregoing Objections to Defendants' Affidavits to be served in the manner indicated on:

**Hand Delivery**
Domenic E. Pacitti (Bar No. 3989)
Saul Ewing LLP
222 Delaware Ave., Suite 1200
Wilmington, DE 19801

**Facsimile and U.S. Mail**
Joshua C. Krumholz
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

Michael G. Busenkell (No. 3933)