IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

COLUMBIA HOUSING/PNC INSTITUTIONAL
FUND IV LIMITED PARTNERSHIP,
COLUMBIA HOUSING SLP CORPORATION,
OCWEN 2000-LLC, PNC BANK, and
COLUMBIA HOUSING/PNC FUND IV, INC.,

                Plaintiffs,

v.

                Civil Action No. 06-371 GMS

OCWEN FEDERAL BANK FSB, OCWEN
INVESTMENT CORPORATION, and OCWEN
LOAN SERVICING, LLC

                Defendants.

---

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION / REARGUMENT OF COURT'S JUNE 22, 2006 ORDER

On April 12, 2005, the Plaintiffs[1] first learned about the possible dissolution of Ocwen

FSB and the assignment of Ocwen FSB's interest in Ocwen 2000 to OLS. The Plaintiffs did not

complain at that time. At least by August 2005, the Plaintiffs knew that the dissolution and

assignment had taken place. They said nothing. *On August 29, 2006, on a fully informed basis,*

*the Plaintiffs made a substantial payment of the type they now attempt to contest.* When they

did, they made no reservation of right nor did they lodge a protest. Yet, almost one year later,

with no change in facts or circumstances, they bring this action and motion, with no explanation

for their extraordinary delay or reversal in position.

In reality, the Plaintiffs have no legitimate basis for their request to deposit funds with

this Court. In their original three-paragraph motion and their opposition to the present motion to

---

[1] All capitalized terms are the same as those used in the original motion.

reconsider, the Plaintiffs offer no standard of review for the Court, nor do they discuss the many problems with their claim previously identified by the defendants. Instead, they essentially assert that the depositing of funds is appropriate wherever and whenever a dispute exists. If accepted, however, such a proposition would be extraordinarily disruptive to ordinary commerce, essentially encouraging potential litigants to use the courts to disturb normal payment streams without risk to the payor. The Plaintiffs offer no legal basis for the Court to endorse such a proposition.

In reality, no good faith dispute exists regarding the Payments. The Plaintiffs' original motion is nothing more than a misguided effort to enlist this Court to place economic pressure on the defendants to settle a series of disputes that are unrelated to those Payments. The Court should not countenance that strategy.

## ARGUMENT

### I.   THE PLAINTIFFS DO NOT OPPOSE RECONSIDERATION OF THE MOTION

The Plaintiffs do not oppose the Motion for Reconsideration/Reargument of the Court's June 22, 2006 Order (the "Motion"). *See* Plaintiffs' Response to Defendants' Motion for Reconsideration/Reargument of Court's June 22, 2006 Order (the "Response") (Docket No. 17), ¶ 2. As such, the Motion should be allowed.

### II.   THE PLAINTIFFS FAIL TO ESTABLISH THE APPLICABLE STANDARD OF REVIEW

To the extent the Plaintiffs address the underlying issues, they provide no guidance concerning the applicable standard when considering a motion brought pursuant to Rule 67. In fact, the Plaintiffs' legal argument is confined to a single numbered paragraph, citing only two cases and ignoring the case law cited by the defendants. The first case cited by the Plaintiffs is *Gulf States Utilities Co. v. Alabama Power Co.*, 824 F.2d 1465 (5th Cir. 1987), a case arising

- 2 -

from the Eastern District of Texas, which merely states that relief under Rule 67 is available under certain circumstances. The Plaintiffs make no effort to explain why *Gulf States* is applicable here, as opposed to the authority cited by the defendants indicating that use of Rule 67 is not appropriate given the facts of this case. Likewise, the Plaintiffs cite to *Engineered Medical Systems, Inc. v. Deposits*, 2006 U.S. Dist. Lexis 20324 (S.D. Ind. 2006), without any explanation as to why it is applicable or how it supports their position.[2]

In essence, the Plaintiffs assert a remarkably facile position. They argue that the mere claim of dispute over funds is enough to warrant a deposit under Rule 67. In fact, rather than providing substantive argument relating to Rule 67, the Plaintiffs merely cut and paste the exact argument they interpose in claiming that an actual controversy exists in opposing the Motion to Dismiss. This approach is of particular note because that argument, at best, merely seeks to establish the existence of a disagreement between the parties.

A mere disagreement over funds, however, is not enough to invoke Rule 67. *See e.g., General Pencil Co. v. George N. Kahn Company*, 246 F. Supp. 60, 61 (S.D.N.Y. 1965) (denying Rule 67 motion where plaintiff attempted to deposit all funds it owed to defendant under contract-in-action where plaintiff sought a declaratory judgment that defendant breached a contract between the parties). *See also* Defendants' Opposition to Plaintiffs' Motion for Leave to Deposit Funds into the Court Registry ("Defendants' Opposition") (Docket No. 7), pp. 6-8 and cases cited therein. If it were, virtually every contract dispute could result in funds being deposited with the Court.

In deciding a Rule 67 motion, the Court may and should take into account the likelihood of success on the merits and the potential harm to the opposing party. *See Kalmanovitz v. G.*

---

[2] In that case, at least, the defendant was an individual, so later collection was presumably a concern. *See Engineered Medical Systems, Inc.*, 2006 U.S. Dist Lexis 20324, at *7-8.

*Heilemen Brewing Co.*, 649 F. Supp. 638, 642 (D. Del. 1986) (motion to deposit funds denied because opposing party could satisfy judgment and substantive related motion was denied). *See also* Defendants' Opposition (Docket No. 7), p. 8 and cases cited therein. Here, the Plaintiffs have not established by any measure that there is a likelihood that they will prevail on the merits, nor that they will be harmed in any way. At best, the Plaintiffs have established a dispute over whether OLS is the current Managing Member of Ocwen 2000. As discussed below, however, that dispute has no impact on the Plaintiffs' obligations to make the Payments.

## III.   ASSUMING THE PLAINTIFFS' ALLEGATIONS TO BE TRUE, PNC FUND IV STILL IS OBLIGATED TO MAKE THE PAYMENTS

The Plaintiffs acknowledge that PNC Fund IV has a contractual duty under the PSA to make the Payments to Ocwen 2000 in exchange for the sale of partnership interests that already have been transferred. *See* Plaintiffs' Response (Docket No. 17), ¶¶ 24, 29. The Plaintiffs contend, however, that PNC Fund IV is no longer obligated to make the Payments because, they claim, Ocwen FSB did not properly dissolve and/or transfer its interest in Ocwen 2000 to OLS. *See id.*, ¶ 30.

On its face, however, the PSA does not contemplate any such scenario. Specifically, the PSA describes certain limited scenarios where PNC Fund IV may *offset* a future payment. *See* Defendants' Opposition (Docket No. 7), pp. 3, 8-9. Notably absent from the Plaintiffs' papers is any allegation, or even a suggestion, that any event has occurred that would trigger any right of offset regarding the Payments. Accordingly, even if this Court were to accept the Plaintiffs' allegation regarding the propriety of the form of dissolution and/or transfer of interest, neither the PSA, nor any other agreement among the parties, provides that the occurrence of such events would relieve PNC Fund IV of its obligation to make the Payments to Ocwen 2000. *See*

- 4 -

Defendants' Opposition (Docket No. 7). As such, no legitimate dispute exists. The Plaintiffs' original motion is nothing more than an exercise in fabricating a dispute.

The Plaintiffs' past behavior supports this position. As previously documented, the Plaintiffs have known about the now disputed dissolution and transfer for over one year. *See* Defendants' Opposition (Docket No. 7), pp. 5-6. Well *after* the Plaintiffs had that information, PNC Fund IV made a substantial Payment in the amount of $5,216,379.35 to Ocwen 2000. *See* Affidavit of Michael Mosher in Support of Defendants' Opposition to Plaintiffs' Motion for Leave to Deposit Funds into the Court Registry ("First Mosher Aff.") (Docket No. 8), ¶ 24 and Tabs 12 and 13 thereto. PNC Fund IV never objected to making that Payment, nor did it qualify the Payment in any way. *See id.*

Nothing has changed from the date of the last Payment other than the filing of this and other lawsuits involving PNC- and Ocwen-related entities. The commencement of litigation, however, does not alter the pre-existing obligations of the parties. As such, there is no good faith basis for the Plaintiffs' request to deposit amounts with the Court Registry that, as of today, they unconditionally and contractually owe to Ocwen 2000.

## IV.    THE PLAINTIFFS WILL NOT BE HARMED BY MAKING THE PAYMENTS TO OCWEN RATHER THAN THE COURT REGISTRY

By contract, PNC Fund IV is entitled to *offset* only. By definition, therefore, its only right is to withhold future payments based upon the contractual conditions that provide for such a remedy. Regardless of the present circumstances, PNC Fund IV may still invoke that contractual right, as long as it has a good faith basis for doing so. With such limited contractual rights, therefore, no harm arises if it pays to Ocwen that which it has not withheld as a contractual offset.

538811 1 7/24/06

Further, even if PNC Fund IV somehow could reach back to prior payments – which it cannot – it would find an Ocwen company, OLS, that has better financial backing than the company it replaced, Ocwen FSB. *See* First Mosher Aff. (Docket No. 8), ¶ 16.[3]  As such, PNC Fund IV is now more financially secure than it has ever been. Accordingly, there is no possible justification for disrupting OLS's substantial cash flow and business operations.

## CONCLUSION

Based upon the foregoing and the papers previously submitted, the Plaintiffs offer no good faith basis for asking this Court to deposit what likely will amount to approximately $12 million in Payments otherwise due and owing to Ocwen 2000 and ultimately to OLS.[4] Accordingly, the defendants, Ocwen Federal Bank FSB, Ocwen Financial Corporation and Ocwen Loan Servicing LLC, respectfully request that this Court reconsider its previous Order and deny the Plaintiffs' original motion.

Dated: July 24, 2006

SAUL EWING LLP

By: _____

Domenic E. Pacitti (DE Bar No. 3989)
Michael F. Bonkowski (DE Bar No. 2219)
222 Delaware Avenue, 12th Floor
Wilmington, DE 19801
(302) 421-6864
(302) 421-5881
dpacitti@saul.com

Attorneys for Defendants
OCWEN FEDERAL BANK FSB, OCWEN
INVESTMENT CORPORATION, and OCWEN
LOAN SERVICING, LLC

[3] The Plaintiffs appear to claim that there is some pertinent time limitation to Ocwen Financial's Guaranty, which provides further financial support to OLS's obligations. *See* Response, ¶ 41. On its face, however, the "termination date" does not arise until the Guarantor has paid "all amounts payable" under the Guaranty. *See id.*

[4] *See* Revised Affidavit of Michael Mosher in Support of Defendants' Opposition to Plaintiffs' Motion for Leave to Deposit Funds into the Court Registry and Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (Docket No. 13), ¶ 3.

- 6 -

OF COUNSEL:

Joshua C. Krumholz *(not yet admitted)*
Elizabeth M. Mitchell *(not yet admitted)*
Benjamin M. McGovern *(not yet admitted)*
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700 (telephone)
(617) 523-6850 (facsimile)
joshua.krumholz@hklaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

COLUMBIA HOUSING/PNC INSTITUTIONAL
FUND IV LIMITED PARTNERSHIP,
COLUMBIA HOUSING SLP CORPORATION,
OCWEN 2000-LLC, PNC BANK, and
COLUMBIA HOUSING/PNC FUND IV, INC.,

Plaintiffs,

Civil Action No. 06-371 GMS

v.

OCWEN FEDERAL BANK FSB, OCWEN
INVESTMENT CORPORATION, and OCWEN
LOAN SERVICING, LLC

Defendants.

## CERTIFICATE OF SERVICE

I, Domenic E. Pacitti, Esquire, hereby certify that on July 24, 2006, I electronically filed

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION**

**FOR RECONSIDERATION / REARGUMENT OF COURT'S JUNE 22, 2006 ORDER**

with the Clerk of Court using CM/ECF which will send notification of such filing. A copy of the

document was served on the following counsel in the manner indicated:

| **VIA REGULAR MAIL** | **VIA REGULAR MAIL** |
|---|---|
| Karen Lee Turner<br>Michael Busenkell<br>Eckert Seamans Cherin & Mellott<br>300 Delaware Avenue, Suite 1360<br>Wilmington, Delaware 19801 | Charles L. Perry<br>Andrews Kurth LLP<br>1717 Main Street, Suite 3700<br>Dallas, TX 75201 |

Domenic E. Pacitti (DE Bar No. 3989)
222 Delaware Avenue, 12th Floor
Wilmington, DE 19801
(302) 421-6864
(302) 421-5881
dpacitti@saul.com