IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLUMBIA HOUSING/PNC INSTITUTIONAL FUND IV LIMITED PARTNERSHIP, COLUMBIA HOUSING SLP CORPORATION, OCWEN 2000-LLC, PNC BANK, and COLUMBIA HOUSING/PNC FUND IV, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORPORATION, and OCWEN LOAN SERVICING, LLC <br><br> Defendants. | Civil Action No. 06-371 GMS |

### DEFENDANTS' MOTION FOR EXPEDITED CONSIDERATION OF DEFENDANTS' MOTION FOR <u>RECONSIDERATION/REARGUMENT OF COURT'S JUNE 22, 2006 ORDER</u>

Defendants Ocwen Federal Bank FSB, Ocwen Investment Corporation and Ocwen Loan Servicing, LLC (collectively, "Defendants"), by and through their undersigned counsel, hereby move this Court for the entry of an order permitting expedited consideration of its Motion for Reargument/Reconsideration of Court's June 22, 2006 Order (Docket No. 9), filed with this court on June 30, 2006. In support of this motion, Defendants state as follows:

### BACKGROUND

1.  On June 5, 2006, Plaintiffs filed their complaint seeking declaratory relief regarding the effect of the dissolution of Ocwen FSB on the parties' respective rights and obligations pursuant to the Purchase and Sale Agreement ("PSA"), the Eighth

Amendment to the PSA, the Amended and Restated Operating Agreement of Ocwen 2000-LLC and/or the Tax Indemnity Agreement.

2.  On that same day, Plaintiffs filed a three-paragraph Motion for Leave to Deposit Funds into the Court Registry pursuant to Federal Rule of Civil Procedure 67 (Docket No. 2) (the "Rule 67 Motion").

3.  Plaintiffs did not effectuate service of either the Complaint or Rule 67 Motion on the Defendants until June 12, 2006. A response to the Rule 67 Motion therefore became due on June 22, 2006. Accordingly, on that date, Defendants filed their Opposition to Plaintiffs' Motion for Leave to Deposit Funds into the Court Registry (Docket No. 7) ("Opposition").

4.  Plaintiffs, however, never filed a notice of service of the Complaint or Rule 67 Motion with the Court. The Court presumably assumed that the response deadline was June 15, 2006 – ten days after the Rule 67 Motion was filed. As a result, the Court, with no opposition on record, apparently allowed the Rule 67 Motion before having the benefit of Defendants' arguments in its Opposition by entry of an Order on June 22, 2006 (Docket No. 6) (the "Order").

5.  On June 30, 2006, Defendants filed their Motion for Reargument/Reconsideration of Court's June 22, 2006 Order (Docket No. 9) ("Motion to Reargue").

6.  On July 17, 2006 Plaintiffs filed their Response to the Motion to Reargue (Docket No. 17) ("Response").

7.  The Plaintiffs ***do not oppose*** the Defendants' Motion to Reargue. *See* Plaintiffs' Response, ¶2.

## BASIS FOR RELIEF

8. Pursuant to the PSA, Plaintiffs are required to make payment to Defendants of approximately $3.6 million by July, 2006. *See* Revised Affidavit of Michael Mosher in Support of Defendants' Opposition to Plaintiffs' Motion for Leave to Deposit Funds into the Court Registry and Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Docket No. 13).

9. Consequently, substantial sums are due and owing by Plaintiffs to Defendants that will not be paid because the Order was entered by the Court on the Rule 67 Motion without the benefit of the Defendants' Opposition thereto.

10. By its Motion to Reargue, Defendants ask the Court to reconsider its entry of the Order granting the Rule 67 Motion in light of the fact that: (a) the Court unfortunately did not have the benefit of the Defendants' Opposition; (b) the Plaintiffs do not oppose the Motion to reargue; and (c) substantial harm would befall Defendants if the relief granted in the Order were to remain in effect without the ability to argue the merits before the Court.

11. Pursuant to D. Del. LR 7.1.5, Plaintiffs Response to the Motion to Reargue has been filed and Defendants' Reply thereto is due today and is being filed contemporaneously with this Motion. By this Motion, Defendants respectfully request that the Court enter an order granting expedited consideration of the Motion to Reargue and either grant the relief requested in the Motion to Reargue (since no opposition has been lodged) or that the Court schedule a hearing on the Motion to Reargue as soon as the Court can accommodate, but prior to July 31, 2006.

12.    Good cause exists for granting the relief requested in this motion. As set forth above, through no fault of the Defendants or the Court, the Court granted the Rule 67 Motion without the benefit of the Defendants' Opposition and the Plaintiffs do not oppose the Defendants' Motion to Reargue. Furthermore, there is no doubt that Defendants will suffer the immediate loss of $3.6 million to their cash flow and the potential loss of up to $12 million depending on the length of this litigation. On the other hand, Plaintiffs lose nothing if required to make payments which they are already prepared to pay into the court's registry in any event.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this Court expedite consideration of Defendants' Motion for Reconsideration/Reargument of Courts' June 22, 2006 Order granting Plaintiffs' Motion for Leave to Deposit Funds into the Court Registry.

SAUL EWING LLP

_____
Domenic E. Pacitti (No. 3989)
Michael F. Bonkowski (No. 2219)
Kimberly L. Gattuso (No. 3733)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6800
(302) 421-6813
dpacitti@saul.com

Counsel for Defendants
OCWEN FEDERAL BANK FSB,
OCWEN INVESTMENT
CORPORATION, and OCWEN
LOAN SERVICING, LLC

OF COUNSEL:

Joshua C. Krumholz (not yet admitted)
Elizabeth M. Mitchell (not yet admitted)
Benjamin M. Mcgovern (not yet admitted)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700 (telephone)
(617) 523-6850 (facsimile)
joshua.krumholz@hklaw.com

DATED:       July 24, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COLUMBIA HOUSING/PNC
INSTITUTIONAL FUND IV LIMITED
PARTNERSHIP, COLUMBIA HOUSING SLP
CORPORATION, OCWEN 2000-LLC, PNC
BANK, and COLUMBIA HOUSING/PNC
FUND IV, INC.,

                Plaintiffs,

v.

OCWEN FEDERAL BANK FSB, OCWEN
INVESTMENT CORPORATION, and
OCWEN LOAN SERVICING, LLC

                Defendants.

Civil Action No. 06-371 GMS

**ORDER GRANTING DEFENDANTS' MOTION FOR EXPEDITED
CONSIDERATION OF DEFENDANTS' MOTION FOR
RECONSIDERATION/REARGUMENT OF COURT'S JUNE 22, 2006 ORDER**

**THE COURT** having considered the Defendants' for Expedited Consideration (the "Motion to Expedite") of Defendants' Motion for Reconsideration/Reargument of Court's June 22, 2006 Order (the "Motion to Reargue"), and good cause having been shown, IT IS:

**ORDERED** that the Motion to Expedite is granted; and it is further

**ORDERED** that a hearing on the Motion to Reargue is scheduled for July ___, 2006 at _____ __.m.

                                            _____
                                            HONORABLE GREGORY M. SLEET
                                            UNITED STATES DISTRICT JUDGE

Dated: July ___, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLUMBIA HOUSING/PNC INSTITUTIONAL FUND IV LIMITED PARTNERSHIP, COLUMBIA HOUSING SLP CORPORATION, OCWEN 2000-LLC, PNC BANK, and COLUMBIA HOUSING/PNC FUND IV, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORPORATION, and OCWEN LOAN SERVICING, LLC <br><br> Defendants. | Civil Action No. 06-371 GMS |

**DEFENDANTS' MOTION FOR EXPEDITED CONSIDERATION
OF DEFENDANTS' MOTION FOR
<u>RECONSIDERATION/REARGUMENT OF COURT'S JUNE 22, 2006 ORDER</u>**

Defendants Ocwen Federal Bank FSB, Ocwen Investment Corporation and Ocwen Loan Servicing, LLC (collectively, "Defendants"), by and through their undersigned counsel, hereby move this Court for the entry of an order permitting expedited consideration of its Motion for Reargument/Reconsideration of Court's June 22, 2006 Order (Docket No. 9), filed with this court on June 30, 2006. In support of this motion, Defendants state as follows:

**<u>BACKGROUND</u>**

1.      On June 5, 2006, Plaintiffs filed their complaint seeking declaratory relief regarding the effect of the dissolution of Ocwen FSB on the parties' respective rights and obligations pursuant to the Purchase and Sale Agreement ("PSA"), the Eighth

Amendment to the PSA, the Amended and Restated Operating Agreement of Ocwen 2000-LLC and/or the Tax Indemnity Agreement.

2.   On that same day, Plaintiffs filed a three-paragraph Motion for Leave to Deposit Funds into the Court Registry pursuant to Federal Rule of Civil Procedure 67 (Docket No. 2) (the "Rule 67 Motion").

3.   Plaintiffs did not effectuate service of either the Complaint or Rule 67 Motion on the Defendants until June 12, 2006. A response to the Rule 67 Motion therefore became due on June 22, 2006. Accordingly, on that date, Defendants filed their Opposition to Plaintiffs' Motion for Leave to Deposit Funds into the Court Registry (Docket No. 7) ("Opposition").

4.   Plaintiffs, however, never filed a notice of service of the Complaint or Rule 67 Motion with the Court. The Court presumably assumed that the response deadline was June 15, 2006 – ten days after the Rule 67 Motion was filed. As a result, the Court, with no opposition on record, apparently allowed the Rule 67 Motion before having the benefit of Defendants' arguments in its Opposition by entry of an Order on June 22, 2006 (Docket No. 6) (the "Order").

5.   On June 30, 2006, Defendants filed their Motion for Reargument/Reconsideration of Court's June 22, 2006 Order (Docket No. 9) ("Motion to Reargue").

6.   On July 17, 2006 Plaintiffs filed their Response to the Motion to Reargue (Docket No. 17) ("Response").

7.   The Plaintiffs *do not oppose* the Defendants' Motion to Reargue. *See* Plaintiffs' Response, ¶2.

## BASIS FOR RELIEF

8. Pursuant to the PSA, Plaintiffs are required to make payment to Defendants of approximately $3.6 million by July, 2006. *See* Revised Affidavit of Michael Mosher in Support of Defendants' Opposition to Plaintiffs' Motion for Leave to Deposit Funds into the Court Registry and Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Docket No. 13).

9. Consequently, substantial sums are due and owing by Plaintiffs to Defendants that will not be paid because the Order was entered by the Court on the Rule 67 Motion without the benefit of the Defendants' Opposition thereto.

10. By its Motion to Reargue, Defendants ask the Court to reconsider its entry of the Order granting the Rule 67 Motion in light of the fact that: (a) the Court unfortunately did not have the benefit of the Defendants' Opposition; (b) the Plaintiffs do not oppose the Motion to reargue; and (c) substantial harm would befall Defendants if the relief granted in the Order were to remain in effect without the ability to argue the merits before the Court.

11. Pursuant to D. Del. LR 7.1.5, Plaintiffs Response to the Motion to Reargue has been filed and Defendants' Reply thereto is due today and is being filed contemporaneously with this Motion. By this Motion, Defendants respectfully request that the Court enter an order granting expedited consideration of the Motion to Reargue and either grant the relief requested in the Motion to Reargue (since no opposition has been lodged) or that the Court schedule a hearing on the Motion to Reargue as soon as the Court can accommodate, but prior to July 31, 2006.

12.     Good cause exists for granting the relief requested in this motion. As set forth above, through no fault of the Defendants or the Court, the Court granted the Rule 67 Motion without the benefit of the Defendants' Opposition and the Plaintiffs do not oppose the Defendants' Motion to Reargue. Furthermore, there is no doubt that Defendants will suffer the immediate loss of $3.6 million to their cash flow and the potential loss of up to $12 million depending on the length of this litigation. On the other hand, Plaintiffs lose nothing if required to make payments which they are already prepared to pay into the court's registry in any event.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this Court expedite consideration of Defendants' Motion for Reconsideration/Reargument of Courts' June 22, 2006 Order granting Plaintiffs' Motion for Leave to Deposit Funds into the Court Registry.

SAUL EWING LLP

_/s/ Domenic E. Pacitti_
Domenic E. Pacitti (No. 3989)
Michael F. Bonkowski (No. 2219)
Kimberly L. Gattuso (No. 3733)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6800
(302) 421-6813
dpacitti@saul.com

Counsel for Defendants
OCWEN FEDERAL BANK FSB,
OCWEN INVESTMENT
CORPORATION, and OCWEN
LOAN SERVICING, LLC

OF COUNSEL:

Joshua C. Krumholz (not yet admitted)
Elizabeth M. Mitchell (not yet admitted)
Benjamin M. Mcgovern (not yet admitted)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700 (telephone)
(617) 523-6850 (facsimile)
joshua.krumholz@hklaw.com

DATED:      July 24, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLUMBIA HOUSING/PNC INSTITUTIONAL FUND IV LIMITED PARTNERSHIP, COLUMBIA HOUSING SLP CORPORATION, OCWEN 2000-LLC, PNC BANK, and COLUMBIA HOUSING/PNC FUND IV, INC., <br><br>　　　　　　　　Plaintiffs, <br><br>v. <br><br>OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORPORATION, and OCWEN LOAN SERVICING, LLC <br><br>　　　　　　　　Defendants. | Civil Action No. 06-371 GMS |

**ORDER GRANTING DEFENDANTS' MOTION FOR EXPEDITED
CONSIDERATION OF DEFENDANTS' MOTION FOR
RECONSIDERATION/REARGUMENT OF COURT'S JUNE 22, 2006 ORDER**

**THE COURT** having considered the Defendants' for Expedited Consideration (the "Motion to Expedite") of Defendants' Motion for Reconsideration/Reargument of Court's June 22, 2006 Order (the "Motion to Reargue"), and good cause having been shown, IT IS:

**ORDERED** that the Motion to Expedite is granted; and it is further

**ORDERED** that a hearing on the Motion to Reargue is scheduled for July __, 2006 at _____ __.m.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　HONORABLE GREGORY M. SLEET
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated: July ___, 2006

538792 1 7/24/06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLUMBIA HOUSING/PNC INSTITUTIONAL FUND IV LIMITED PARTNERSHIP, COLUMBIA HOUSING SLP CORPORATION, OCWEN 2000-LLC, PNC BANK, and COLUMBIA HOUSING/PNC FUND IV, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORPORATION, and OCWEN LOAN SERVICING, LLC<br><br>Defendants. | Civil Action No. 06-371 GMS |

### CERTIFICATE OF SERVICE

I, Domenic E. Pacitti, Esquire, hereby certify that on July 24, 2006, I electronically filed ***DEFENDANTS' MOTION FOR EXPEDITED CONSIDERATION OF DEFENDANTS' MOTION FOR RECONSIDERATION/REARGUMENT OF COURT'S JUNE 22, 2006 ORDER*** with the Clerk of Court using CM/ECF which will send notification of such filing. A copy of the document was served on the following counsel in the manner indicated:

| VIA REGULAR MAIL | VIA REGULAR MAIL |
|---|---|
| Karen Lee Turner<br>Michael Busenkell<br>Eckert Seamans Cherin & Mellott<br>300 Delaware Avenue, Suite 1360<br>Wilmington, Delaware 19801 | Charles L. Perry<br>Andrews Kurth LLP<br>1717 Main Street, Suite 3700<br>Dallas, TX 75201 |

Domenic E. Pacitti (DE Bar No. 3989)
222 Delaware Avenue, 12th Floor
Wilmington, DE 19801
(302) 421-6864
(302) 421-5881
dpacitti@saul.com

538792 1 7/24/06