IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLUMBIA HOUSING/PNC INSTITUTIONAL FUND IV LP, COLUMBIA HOUSING SLP CORP., OCWEN 2000-LLC, PNC BANK, AND COLUMBIA HOUSING/PNC FUND IV, INC., <br><br>       Plaintiffs, <br><br>  v. <br><br>OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORP., AND OCWEN LOAN SERVICING, LLC, <br><br>       Defendants. | ) ) ) ) ) ) ) ) Civil Action No. 06-371 GMS ) ) ) ) ) ) ) ) ) |

**ORDER**

The above-captioned action for declaratory judgment arises from the alleged breach of a very complex set of contractual arrangements through which Columbia Housing/PNC Institutional Fund IV LP ("PNC Fund IV") sought to purchase several partnerships from Ocwen Federal Bank FSB ("Ocwen FSB"). For reasons that are unimportant here, they opted to effectuate these purchases through a specially-created intermediary called Ocwen 2000-LLC ("Ocwen 2000"), whereby Ocwen 2000 would take ownership of the subject partnerships from Ocwen FSB and PNC Fund IV would then purchase the partnerships from Ocwen 2000 through a series of payments. According to PNC Fund IV, Ocwen FSB was subsequently dissolved and its interest in Ocwen 2000 was transferred to Ocwen Loan Servicing, LLC ("OLS") without the requisite consent from PNC Fund IV.

The plaintiffs, including PNC Fund IV, filed the present action on June 5, 2006, and simultaneously filed a motion for leave to deposit future payments to OLS (through Ocwen 2000)

into the court registry. Local Rule 7.1.2 requires an opposing party to file an answering brief to a party's motion within ten days of service. Thus, the defendants' answer was ostensibly due on June 15, 2006. By June 22, no answering brief had been filed and the motion was therefore granted as unopposed. Unbeknownst to the court, however, service did not occur until June 12, thereby entitling the defendants to seven additional days to file an answer. Accordingly, the defendants filed their answer on June 22, and later filed a motion for reconsideration – which the plaintiffs do not oppose.

Rule 67 of the Federal Rules of Civil Procedure provides a mechanism for relieving a party to a dispute of the responsibility for a fund to which other parties may have legitimate claims:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing.

Fed. R. Civ. P. 67. *See also* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2991 (2d ed. 1997). However, Rule 67 was not intended to allow a declaratory judgment plaintiff "to preserve all its rights under the contract and to avoid the risk of a breach of contract on its part if its position should turn out to be wrong." *Dinkins v. General Aniline & Film Corp.*, 214 F. Supp. 281, 283 (S.D.N.Y. Jan. 10, 1963). In other words, "[t]here is nothing in the history of Rule 67 or in the decisions construing it which suggests that it was designed to afford to a [declaratory judgment plaintiff] an opportunity to deprive [the defendant] both of the benefits of his contract and of a right of action for its breach." *Id.*

That is precisely the concern here. If PNC Fund IV does not believe that further payments are due under the contracts at issue, its remedy is to discontinue such payments and prosecute its case

in court. The resultant hardship on OLS will be the same whether the payments are placed in the court's registry or merely withheld. However, by forcing PNC Fund IV to make the decision as to which course of action it will choose, the court will not unnecessarily or improperly deprive the defendants of their claim for breach of contract.

IT IS HEREBY ORDERED THAT:

1. The defendants' motion for reconsideration (D.I. 9) be GRANTED;

2. The defendants' motion to expedite (D.I. 24) be DENIED as moot;

3. The court's order of June 22, 2006 (D.I. 7) be VACATED; and

4. The plaintiffs' motion for leave to deposit funds in the court's registry (D.I. 2) be DENIED.


Dated: July 26, 2006                                /s/ Gregory M. Sleet
                                                    UNITED STATES DISTRICT JUDGE