IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLUMBIA HOUSING/PNC INSTITUTIONAL FUND IV LIMITED PARTNERSHIP, COLUMBIA HOUSING SLP CORPORATION, OCWEN 2000-LLC, PNC BANK, and COLUMBIA HOUSING/PNC FUND IV, INC., | § § § § § § § § | NO. 06-371 |
| Plaintiffs, | § § | |
| v. | § § | |
| OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORPORATION, and OCWEN LOAN SERVICING, LLC, | § § § § § | |
| Defendants. | § | |

## MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiffs Columbia Housing/PNC Institutional Fund IV Limited Partnership; Columbia Housing SLP Corporation; Ocwen 2000-LLC; PNC Bank; and PNC Fund IV, Inc. (collectively, "Plaintiffs") bring this Motion for Leave to File Sur-Reply in response to Defendants' Reply to Plaintiffs' Opposition to Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (the "Reply"). (Docket 22).

### I.

Plaintiffs request that they be permitted to file a Sur-Reply in response to Defendants' Reply presented in connection their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (the "Motion"). Plaintiffs' Sur-Reply to Reply to Response to Defendants' Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(1) is attached hereto as Exhibit A. Defendants' Reply contains both alleged factual information and substantial legal arguments that were not originally presented by Defendants in their Motion. To the extent the Court is considering the newly-

presented alleged facts and Defendants' newly-crafted legal arguments, Plaintiffs request the opportunity to respond.

## II.

Defendants filed their Reply on or about July 24, 2006. In the Reply, Defendants improperly argue affirmative defenses that they have not yet pleaded (*e.g.*, waiver, equitable estoppel, etc.) and introduce a second Affidavit of Michael Mosher in support of such arguments, subsequently submitted a second affidavit of David Ho, and made additional argument not contained in their original motion. (Docket 23, 27). To the extent that the Court is inclined to consider these issues, Plaintiffs request that they be permitted to file their Sur-Reply.

## III.

Pursuant to Local District Court Civil Rule 7.1.1, Charles L. Perry, counsel for Plaintiffs, emailed Domenic E. Pacitti, counsel for Defendants, to ask whether the Defendants oppose the relief sought in this motion. As of the filing of this motion, Mr. Pacitti has not responded to Mr. Perry's email.

For the foregoing reasons, Plaintiffs respectfully request that they be permitted to file their Sur-Reply.

August 3, 2006                                          ECKERT SEAMANS CHERIN & MELLOTT, LLC

*/s/ Tara L. Lattomus*
Michael G. Busenkell (No. 3933)
Tara L. Lattomus (No. 3515)
300 Delaware Avenue, Suite 1360
Wilmington, DE 19801
(302) 425-0430

Of Counsel:

Charles L. Perry, Esquire
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, TX 75201
(214) 659-4681

## CERTIFICATE OF SERVICE

I, Tara L. Lattomus, certify that on August 3, 2006 I caused a copy of the foregoing Motion For Leave To File Sur-Reply to be served in the manner indicated on:

**Hand Delivery**
Domenic E. Pacitti (Bar No. 3989)
Saul Ewing LLP
222 Delaware Ave., Suite 1200
Wilmington, DE 19801

**Facsimile and U.S. Mail**
Joshua C. Krumholz
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

*/s/ Tara L. Lattomus*
Tara L. Lattomus (No. 3515)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLUMBIA HOUSING/PNC INSTITUTIONAL FUND IV LIMITED PARTNERSHIP, COLUMBIA HOUSING SLP CORPORATION, OCWEN 2000-LLC, PNC BANK, and COLUMBIA HOUSING/PNC FUND IV, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORPORATION, and OCWEN LOAN SERVICING, LLC, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § | NO. 06-371 |

### PLAINTIFFS' SUR-REPLY TO REPLY TO RESPONSE TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)

Plaintiffs Columbia Housing/PNC Institutional Fund IV Limited Partnership ("PNC Fund IV"), Columbia Housing SLP Corporation, Ocwen 2000-LLC ("Ocwen 2000"), PNC Bank, and Columbia Housing/PNC Fund IV, Inc. ("Fund IV, Inc.") submit this their Sur-Reply to Reply to Response to Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("Defendants' Motion"), as follows:

#### Nature and Stage of Proceedings

1. Plaintiffs filed their Complaint in June 5, 2006. Defendants have not answered, but have filed their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1). (Docket 11). Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs filed an Amended Complaint on July 17, 2006. (Docket 14). Plaintiffs' Response to Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(i) was also filed on July 17. (Docket 16). On July 24, Defendants filed their Reply to

Opposition to Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(i), and served same by mail. (Docket 22).

2. Also, on July 24, Defendants filed the Second Affidavit of Michael Mosher in Support of Defendants' Opposition to Plaintiffs' Motion for Leave to Deposit Funds into the Court's Registry and Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1). (Docket 23). On July 26, Defendants filed the Second Affidavit of David Ho in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1). (Docket 27). The second affidavits for the first time asserted that the affiants had personal knowledge of facts stated in their prior affidavits.

3. Because Defendants' advanced additional legal arguments and submitted additional evidence in their reply, Plaintiffs have submitted this Sur-Reply.

## Sur-Reply

4. In their reply, Defendants argue that "Plaintiff's position is barred by a number of equitable principles, among them equitable estoppel, waiver, laches, acquiescence and ratification. *See Chase Manhattan Bank v. Iridium Africa Corp.*, 197 F. Supp. 2d 120, 127-131 (D. Del. 2002); *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 769 F. Supp. 599, 669 (D. Del. 1991), *rev'd. on other grounds*, 988 F.2d 386 (3d cir. 1993) (estoppel); *Aeroglobal Capital Mgmt. v. Cirrus Indus., Inc.*, 871 A.2d 428, 444-445 (Del. 2005) (waiver); *Kallop v. McAllister*, 678 A.2d 526, 532 (Del. 1996) (waiver); *Waggoner v. Laster*, 581 A.2d 1127, 1136 (Del. 1990) (estoppel); *George v. Frank A. Robino, Inc.*, 334 A.2d 223, 224 (Del. 1975) (waiver); *Nevins v. Bryan*, 885 A.2d 233, 246-250 (Del. Ch. 2005)."

5. Defendants' attempt to use a Rule 12(b)(1) motion to advance factually-based affirmative defenses is inappropriate in this context. As stated in MOORE'S FED. PRAC. § 56.14[4][d]:

> [A] district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction questions before trial, if the jurisdictional facts are not intertwined with the merits. When the jurisdictional facts are too intertwined with the merits to permit the determination to be made independently, the court should either employ the standard applicable to a motion for summary judgment (if the material jurisdictional facts are undisputed) or leave the jurisdictional determination to trial.

2 MOORE'S FED. PRAC. § 12.30[3]. The simple fact is that diversity properly exists. Defendant Ocwen Loan Servicing, LLC ("Ocwen Servicing") is not a member of Ocwen 2000, both because Ocwen FSB's interest was not transferred to it, Ocwen Servicing, and because Fund IV, Inc. is the new Manager/Member. (Plaintiffs' Response to Motion to Dismiss, §§ 10-19).

      6.      None of the cases cited by the Defendants involved the procedural posture present here – a pre-answer motion to dismiss for alleged lack of subject matter jurisdiction under Rule 12 (b)(1). *Chase* involved denial of a summary judgment motion on the issue of waiver; *Coca-Cola Bottling* involved a bench trial in which the court denied claims of waiver and estoppel; *Kallop* and *Waggoner* each involved appeals after trial on the merits, and in both cases the "equitable defenses" upon which Defendants rely were rejected; *Aero-Global* and *George* each involved an appellate reversal of summary judgment granted on a waiver issue; and *Nevins* involved trial on the merits.

      7.      Nor have the Defendants met their burden in connection with these affirmative defenses. In the *Coca-Cola Bottling* case cited by Defendants, the Court stated:

> The concepts of waiver and estoppel, while sometimes used interchangeably, are distinguishable. "[A] waiver is a voluntary and intentional abandonment or relinquishment of a known right, whereas an equitable estoppel may arise though there was no intention on the part of the party to relinquish or change any existing right." 28 Am. Jur. 2d *Estoppel and Waiver* § 30 at 633-34. The Company [Defendant] bears the burden of showing waiver or estoppel.

> Waiver includes an element of intent. The Company has not shown a waiver because it has not shown that plaintiffs voluntarily and intentionally relinquished their asserted right to use of a price other than list price in the calculation of the syrup price. At most, the Company has shown that plaintiffs were negligent in failing to object to its use of the list price of sugar in its syrup price calculations.
>
> The elements of equitable estoppel include a showing that the other party relied on the actions or omissions of the estopped party to his detriment. There has been no showing by the Company that it in any way changed its position as a result of plaintiff's failure to object sooner to its use of list prices. *Matter of B.J. Thomas, Inc.*, 45 Bankr. 91, 95-96 (Bankr. M.D. Fla. 1984) (mere delay in enforcing one's rights does not create estoppel so long as the other party is not prejudiced)....
>
> The Company has also failed to demonstrate that it has somehow been misled or prejudiced by plaintiffs' failure to act sooner.

769 F.Supp. at 669. And in *Kallop*, also cited by Defendants, the Court stated:

> The Vice Chancellor also properly rejected the affirmative defenses of waiver, estoppel and laches asserted by Kallop. Kallop's failure to demonstrate that he had suffered any prejudice precludes the application of laches or estoppel. The defense of laches is only tenable when a defendant is prejudiced by a plaintiff's unreasonable delay in bringing suit....A claim of estoppel requires a showing of detrimental reliance....To substantiate his wavier defense, Kallop needed to show that Brian intentionally relinquished his right to rely on the Letter Agreement.

678 A.2d at 532 (citations omitted).

8. Of the cases cited by Defendants, only *Nevins* ultimately upheld one of the "equitable principles" that Defendants advance in their reply. The *Nevins* court, however, cautioned that:

> The doctrine of equitable estoppel is invoked "when a party by his conduct intentionally or unintentionally leads another, in reliance upon that conduct, to change position to his detriment." The party claiming estoppel must demonstrate that: (i) they lacked knowledge or the means of obtaining knowledge of the truth of the facts in question; (ii) they reasonably relied on the conduct of the party against whom estoppel is claimed; and (iii) they suffered a

4

> prejudicial change of position as a result of their reliance. Equitable estoppel has been applied in the corporate context where, for example, "a stockholder, with knowledge of the facts, consents or acquiesces in the acts of directors or other corporate officers." [1] Regardless of the form of the action, the burden of proof of estoppel rests upon the party asserting it. Furthermore, equitable estoppel must be proven by clear and convincing evidence; "an estoppel may not rest upon an inference that is merely one of several possible inferences."

*Nevins* involved a determination after a full trial on the merits. Moreover, the party against whom estoppel was asserted had affirmatively held the other parties out as directors. Here, the Defendants have not shown voluntary, intentional reimbursement of a known right, nor have they shown detrimental reliance or prejudice, including lack of knowledge on their part.

9. Even the evidence submitted by the Defendants undermines their arguments. For example, they rely on a letter dated December 29, 2005 in support of their "waiver" and related arguments. (Mosher Affidavit, Ex. 17). That letter makes it clear that the PNC entities did not intend to waive any rights:

> Fund III reserves all of its rights under the agreements governing the various Partnerships with respect to the dissolution of Ocwen Federal Bank FSB.
>
> Fund III and PNC hereby reserve all benefits, rights and remedies under applicable law and equity, and under the Purchase and Sale Agreement, the Operating Partnership Agreements, the guaranties, the indemnities and all other documents and agreements relating to the matters referred to herein or the transactions contemplated by any of the documents referred to herein.
>
> Nothing in this letter is intended to nor should be construed as a waiver, modification, diminution or limitation of any benefits, rights or remedies which PNC, Fund III, or others may have, nor as a waiver, modification, diminution or limitation of any covenant,

---

[1] For this proposition, the court cited *Wagoner*, a decision that affirmed a judgment denying an estoppel claim, noting, *inter alia*, "substantial questions concerning the Wagoners' lack of knowledge and reliance." 581 A. 2d at 1137 n.10.

5

duty, agreement or obligation owed by any of the Partnerships, Ocwen, any of their respective affiliates or others.

10. The Defendants' own e-mail acknowledges that on April 5, 2006, PNC was still seeking "information related to the transfer, assignment and assumption of Ocwen Federal Bank FSB obligations." (Mosher Affidavit, Ex. 14). In response, the Defendants only provided PNC with documentation concerning the Ocwen Financial Guaranty, Cash Collateral and Collateral Trust Agreements on April 14, 2006, long after the dissolution of Ocwen FSB in June 2005. (Mosher Affidavit, ¶25 and Ex. 14; see Ex. 15 and 16). Noticeably absent from the documents supposedly provided by the Defendants to PNC is the Assignment and Assumption Agreement, which was not provided until it was filed with this Court. (*See* Mosher Affidavit, Ex. 5). Plaintiffs can hardly be said to have waived or be estopped from asserting rights, when Defendants withheld details affecting such rights.

11. The Defendants next argue that consent could not be unreasonably withheld. This argument is unavailing for two reasons. First, if an "unreasonably withheld" requirement were applicable to the consent requirement, that issue, at best, presents a factual dispute for resolution on the merits. For the same reasons discussed in Plaintiffs' response with respect to the existence of a case or controversy, there are a variety of considerations which would permit consent to be reasonably withheld. (See, e.g., Plaintiffs' Response to Defendants' Motion to Dismiss, §§ 24-44).[2]

12. Second, the Defendants acknowledge that Article 5.5 specifically permits consent to be withheld in Plaintiffs' "sole discretion." Article 5.5 provides that "no additional Member shall be admitted without the Consent of the Investor Member." Thus, Ocwen Servicing's

---

[2] Defendants' reply also reargues its prior position on "Case or Controversy," that issue was addressed in Plaintiffs' prior reply and need not be repeated here.

admission as a member is subject to the consent requirement of Article 5.5, as well as other provisions, and as Defendants acknowledge, there is no "unreasonably withheld" requirement applicable to such consent.

13. Defendants also assert a passing challenge to the Designation of Fund IV, Inc., contending that execution by PNC Fund IV and Fund IV, Inc. was insufficient. The dissolution of Ocwen FSB caused an "Event of Withdrawal" of Ocwen FSB as a member of Ocwen 2000. (See Article 2 of the Ocwen 2000 Relating Agreement). After such withdrawal, PNC Fund IV was the sole remaining member. PNC Fund IV properly acted to admit Fund IV, Inc. and Fund IV, Inc. has agreed to become a member. This complied with the Ocwen 2000 Operating Agreements. (See, e.g., Article 5.9).

Plaintiffs' request that Defendants' Motion to Dismiss be denied.

August 3, 2006

                                              ECKERT SEAMANS CHERIN & MELLOTT, LLC

                                              */s/ Tara L. Lattomus*
                                              Michael G. Busenkell (No. 3933)
                                              Tara L. Lattomus (No. 3515)
                                              300 Delaware Avenue, Suite 1360
                                              Wilmington, DE 19801
                                              (302) 425-0430

Of Counsel:

Charles L. Perry, Esquire
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, TX 75201
(214) 659-4681

*U0002813*