IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLUMBIA HOUSING/PNC INSTITUTIONAL FUND IV LIMITED PARTNERSHIP, COLUMBIA HOUSING SLP CORPORATION, OCWEN 2000-LLC, PNC BANK, and COLUMBIA HOUSING/PNC FUND IV, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORPORATION, and OCWEN LOAN SERVICING, LLC, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § | NO. 06-371 |

## REPLY TO RESPONSE TO OBJECTIONS TO DEFENDANTS' AFFIDAVITS

Subsequent to the filing of Plaintiffs' Objections to Defendants' Affidavits, Defendants have submitted two affidavits. On July 24, Defendants filed the Second Affidavit of Michael Mosher in Support of Defendants' Opposition to Plaintiffs' Motion for Leave to Deposit Funds into the Court's Registry and Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1). (Second Mosher Affidavit). (Docket 23). On July 26, Defendants filed the Second Affidavit of David Ho in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1). (Second Ho Affidavit). (Docket 27). These affidavits undertook to address the personal failure to show knowledge in the initial affidavits. The Second Mosher Affidavit also added new statements, not previously contained in his affidavit.

In its Response to Objections to Defendants' Affidavits, the Defendants complain that Plaintiffs objected to deficiencies in affidavits, instead of filing a motion to strike. There is no

magic to a denomination as a "motion to strike" rather than "objection." Either is sufficient to preserve Plaintiffs' claims with respect to Defendants' affidavits. Fed. R. Evid. 103(a)(1). As the First Circuit noted in *Perez v. Volvo Car Corp.*, 247 F.3d 303, 314 (1st Cir. 2001):

> We believe that what is required to preserve a party's rights vis-à-vis an allegedly deficient affidavit is for the dissatisfied party to (a) apprise the trial court, in a conspicuous manner and in a timely fashion, that she considers the affidavit defective, and (b) spell out the nature of the ostensible defects clearly and distinctly. Whether the dissatisfied party fulfills these requirements by means of a motion to strike or ***in some substantially equivalent way (say, by an objection*** or as here, in a legal memorandum urging the granting of summary judgment notwithstanding the affidavit) ***is of little moment.*** (Emphasis added).

*Accord Frasey v. Goodale*, 342 F. 3d 1032, 1036 (9th Cir. 2003); *Lugue v. Hercules, Inc.*, 12 F. Supp. 2d 1351, 1358 (S.D. Ga. 1997).

Defendants' attempt to justify the affiants characterization of the contents of documents, saying that they "have no doubt that this Court will be able to decide for itself how to evaluate that documentary evidence. Plaintiffs are likewise confident of this Court's ability, but want to ensure that the Court is not mislead into assuming that Defendants' characterizations are accurate. Their purpose and effect should be determined from the documents themselves.

### Objections To Second Mosher Affidavit

Plaintiffs object to the Second Mosher Affidavit, as follows:

1. Plaintiffs object to paragraph 3 of the Second Mosher Affidavit because same is a conclusion, is hearsay, and fails to set forth facts which would be admissible in evidence.

2. Plaintiffs object to paragraph 4 of the Second Mosher Affidavit because same is a conclusion, is hearsay, and fails to set forth facts which would be admissible in evidence. Additionally, the documents referenced in this paragraph would be the best evidence of their contents.

3. Plaintiffs object to paragraph 5 of the Second Mosher Affidavit because same is a conclusion, is hearsay, and fails to set forth facts which would be admissible in evidence. Additionally, the documents referenced in this paragraph would be the best evidence of their contents.

4. Plaintiffs object to paragraph 6 of the Second Mosher Affidavit because same is a conclusion, is hearsay, and fails to set forth facts which would be admissible in evidence. Additionally, the documents referenced in this paragraph would be the best evidence of their contents.

Plaintiffs request that the Court not consider (and strike) all objectionable evidence.

August 3, 2006

                          ECKERT SEAMANS CHERIN & MELLOTT, LLC

*/s/ Tara L. Lattomus*
Michael G. Busenkell (No. 3933)
Tara L. Lattomus (No. 3515)
300 Delaware Avenue, Suite 1360
Wilmington, DE 19801
(302) 425-0430

Of Counsel:

Charles L. Perry, Esquire
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, TX 75201
(214) 659-4681

*U0002814*

## CERTIFICATE OF SERVICE

I, Tara L. Lattomus, certify that on August 3, 2006 I caused a copy of the foregoing Reply To Response To Objections To Defendants' Affidavits to be served in the manner indicated on:

**Hand Delivery**
Domenic E. Pacitti (Bar No. 3989)
Saul Ewing LLP
222 Delaware Ave., Suite 1200
Wilmington, DE 19801

**Facsimile and U.S. Mail**
Joshua C. Krumholz
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

Tara L. Lattomus (No. 3515)