IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COLUMBIA HOUSING/PNC INSTITUTIONAL
FUND IV LIMITED PARTNERSHIP,
COLUMBIA HOUSING SLP CORPORATION,
OCWEN 2000-LLC, PNC BANK, and
COLUMBIA HOUSING/PNC FUND IV, INC.,

Plaintiffs,

v.                                                                  Civil Action No. 06-371

OCWEN FEDERAL BANK FSB, OCWEN
INVESTMENT CORPORATION, and OCWEN
LOAN SERVICING, LLC

Defendants.

## RESPONSE TO MOTION FOR LEAVE TO FILE SUR-REPLY

### INTRODUCTION

Faced with critical undisputed facts, the Plaintiffs use the pretext of a Motion for Leave to File Sur-Reply to ask the Court to reconsider their arguments and the applicable standard. In their Response to Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("Response"), the Plaintiffs previously asked the Court to factually determine the true Managing Member. Now, faced with incontrovertible evidence and clear law, the Plaintiffs reverse field, asking the Court to defer its inevitable decision. The Plaintiffs' motion is improper and should be denied.

# 3952535_v1

## ARGUMENT

I. **THE PLAINTIFFS SEEK TO FILE A SUR-REPLY TO CHANGE TACTICS, NOT RESPOND TO NEW ARGUMENTS**

If Ocwen Loan Servicing LLC ("OLS"), and not Columbia Housing/PNC Institutional Fund IV Limited Partnership ("PNC Fund IV"), is the Managing Member of Ocwen 2000-LLC ("Ocwen 2000"), no diversity exists. While the Plaintiffs allege in the Complaint that PNC Fund IV is indeed the Managing Member, the Defendants may challenge the factual basis of that allegation, even where there exist disputed material facts. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977).

Accordingly, in Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("Motion to Dismiss"), the Defendants outlined the legal framework and then detailed facts, with supporting affidavits and documents, that establish that:

- OLS acted in all respects as the Managing Member of Ocwen 2000, without complaint from the Plaintiffs.

- PNC Fund IV never asserted that it was the Managing Member of Ocwen 2000 prior to this litigation.

- the Plaintiffs knew of the assignment of Ocwen FSB's Managing Member interest to OLS and never complained.

*See* Motion to Dismiss, pp. 5-6.

In their Response, the Plaintiffs did not dispute the legal framework. Instead, relying upon a hidden intra-party agreement and asserting that they never consented to the OLS assignment, the Plaintiffs purported to factually support their allegation. *See* Response, ¶¶10-11 (asserting that "Defendants [sic] contention is inaccurate").

In the Reply, the Defendants appropriately responded that:

- the Plaintiffs' claim of lack of consent is not relevant because such consent could not have been withheld.

# 3952535_v1

- under basic equity principles, the Plaintiffs' belated assertion of an intra-party document is inappropriate and unenforceable.

- the purported intra-party document was itself improperly executed.

*See* Reply, pp. 3-7.

Aware of the factual infirmities in their argument, the Plaintiffs now ask for one more bite at the apple. Rather than responding to the Defendants' contentions, however, the Plaintiffs instead reverse field. Where in the Response the Plaintiffs asked this Court to make factual findings, now they apparently regret that position and ask the Court to defer its decision. Such regrets, however, do not form the basis for a valid sur-reply. The Plaintiffs' motion, therefore, should be denied.

## II.    EVEN BASED UPON THE PLAINTIFFS' NEW STANDARD, THIS ACTION MUST BE DISMISSED

Based solely upon a cite to MOORE'S FEDERAL PRACTICE, the Plaintiffs contend that the Court should not consider the factual issues asserted by both parties. *Compare Employers Insurance of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990) ("It is an elementary principle that federal courts are courts of limited jurisdiction, empowered to hear cases only as provided for under Article III of the Constitution and congressional enactments pursuant thereto . . . . Consequently, 'a federal court is bound to consider its own jurisdiction preliminary to consideration of the merits.'") (internal citations omitted); *Medtronic Vascular, Inc. v. Boston Scientific Corp.*, 348 F.Supp. 2d 316, 321 (D. Del. 2004) (holding that under a factual 12(b)(1) challenge to a court's jurisdiction, "the court is not confined to allegations in the . . . complaint, but can consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction . . ."). Even under the standard now asserted by the Plaintiffs, however, this Court still may dispose of the matter on a summary judgment standard. *See* Sur-Reply, ¶5. Under that standard, there still remains no material dispute with regard to the issues

# 3952535_v1

raised and the action should be dismissed. *See Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388-89 (1998) ("The presence of the nondiverse party automatically destroys original jurisdiction.").

First, the Plaintiffs purport to rebut the fact that their consent is irrelevant because the Plaintiffs could not have withheld it. In doing so, the Plaintiffs frankly take a bad faith position. They do not claim that they had a good faith basis for withholding consent. Instead, they intentionally direct the Court to a provision (Article 5.5) that they know is irrelevant to this Court's analysis. *See* Sur-Reply, ¶12. Article 5.5 provides that additional members may not be admitted without the Plaintiffs' consent. *See id.* That consent, it is true, may be withheld in the Plaintiffs' sole discretion. *See id.* As already detailed, however, and as the Plaintiffs fully know, the right of a Managing Member to transfer its interests - - which is the conduct in question here - - is governed by Article 6.2. *See* Defendants' Reply to Plaintiffs' Opposition to Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("Reply"), pp. 5-6. Certainly, referring the Court to an inapplicable section in the governing contract does not justify the filing of a sur-reply, nor does it create a controverted fact.

Second, the Plaintiffs purport to address the defect in the intra-party agreement itself, namely that the Plaintiffs failed to include Ocwen 2000 as a signator to that agreement, as required by the Agreement. *See* Sur-Reply, p. 13. The Plaintiffs' sole response is that the agreement "complied with the Ocwen 2000 Operating Agreements." *See id.* The Plaintiffs offer no facts, affidavits or document cites, however, to support this position. *See id.*

Third, the Plaintiffs purport to dispute the Plaintiffs' acquiescence to OLS' Managing Member status. In the proposed Sur-Reply, however, they note only that, in one of their letters, they purported to reserve rights not otherwise asserted. *See* Plaintiffs' Sur-Reply to Reply to

Response to the Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("Sur-Reply"), ¶9. They also assert, without factual foundation, that the Defendants withheld information. *See id.,* ¶10. Notably, they supply no affidavit to support that claim, nor do they genuinely dispute the fundamental point that they were well aware of the dissolution of Ocwen FSB, the assignment to OLS and the role of OLS as the Managing Member, and never disputed any of those events. *See id.*

As such, while the Plaintiffs purport to justify the Sur-Reply as necessary to rebut new facts alleged by the Defendants, they never actually rebut those facts in the first instance.

## CONCLUSION

The Plaintiffs' motion is a pretext to ask this Court to ignore the undisputed facts. For that reason, the motion should be denied. Even if the Plaintiffs' new standard is considered, however, the result is the same. As such, this action must be dismissed.

Dated: August 17, 2006        SAUL EWING LLP

By: _____
Domenic E. Pacitti (DE Bar No. 3989)
Michael F. Bonkowski (DE Bar No. 2219)
222 Delaware Avenue, 12th Floor
Wilmington, DE 19801
(302) 421-6864
(302) 421-5881
dpacitti@saul.com

Attorneys for Defendants
OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORPORATION, and OCWEN LOAN SERVICING, LLC

# 3952535_v1

OF COUNSEL:

Joshua C. Krumholz *(pro hac vice)*
Elizabeth M. Mitchell *(pro hac vice)*
Benjamin M. McGovern *(pro hac vice)*
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700 (telephone)
(617) 523-6850 (facsimile)
joshua.krumholz@hklaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLUMBIA HOUSING/PNC INSTITUTIONAL FUND IV LIMITED PARTNERSHIP, COLUMBIA HOUSING SLP CORPORATION, OCWEN 2000-LLC, PNC BANK, and COLUMBIA HOUSING/PNC FUND IV, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORPORATION, and OCWEN LOAN SERVICING, LLC <br><br> Defendants. | Civil Action No. 06-371 |

**CERTIFICATE OF SERVICE**

I, Michael F. Bonkowski, Esquire, hereby certify that on August 16, 2006, I electronically filed **_RESPONSE TO MOTION FOR LEAVE TO FILE SUR-REPLY_** with the Clerk of Court using CM/ECF which will send notification of such filing. A copy of the document was served on the following counsel in the manner indicated:

**VIA REGULAR MAIL**

Karen Lee Turner
Michael Busenkell
Eckert Seamans Cherin & Mellott
300 Delaware Avenue, Suite 1360
Wilmington, Delaware 19801

**VIA REGULAR MAIL**

Charles L. Perry
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, TX 75201

_/s/ Michael F. Bonkowski_
Michael F. Bonkowski (DE Bar No. 2219)
222 Delaware Avenue, 12th Floor
Wilmington, DE 19801
(302) 421-6864
(302) 421-5881
mbonkowski@saul.com

539583.1 8/16/06