IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLUMBIA HOUSING/PNC INSTITUTIONAL FUND IV LIMITED PARTNERSHIP, COLUMBIA HOUSING SLP CORPORATION, OCWEN 2000-LLC, PNC BANK, and COLUMBIA HOUSING/PNC FUND IV, INC., | § § § § § § § § | NO. 06-371 |
| Plaintiffs, | § § | |
| v. | § § | |
| OCWEN FEDERAL BANK FSB, OCWEN INVESTMENT CORPORATION, and OCWEN LOAN SERVICING, LLC, | § § § § § | |
| Defendants. | § | |

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiffs Columbia Housing/PNC Institutional Fund IV Limited Partnership ("PNC Fund IV"); Columbia Housing SLP Corporation ("Columbia SLP"); Ocwen 2000-LLC ("Ocwen 2000"); PNC Bank; and PNC Fund IV, Inc. (Fund IV, Inc.") (collectively, "Plaintiffs") file this Reply in Support of their Motion for Leave to File Sur-Reply (the "Motion for Leave," Docket 28).

### I.

In their response (the "Response") to the Motion for Leave, Defendants do not deny that their Motion to Dismiss reply brief (Docket 22) contains both alleged factual information and substantial legal arguments that were not originally presented by them in their Motion to Dismiss. Instead, Defendants argue that they simply "appropriately responded" to Plaintiffs' opposition arguments. Far from appropriately responding, however, Defendants improperly argued affirmative defenses that they have not yet pleaded (*e.g.*, waiver, equitable estoppel, etc.),

introduced a second Affidavit of Michael Mosher in support of such arguments, subsequently submitted a second affidavit to David Ho, and made additional argument not contained in their original motion. (Docket 23, 27). Because of these facts alone, and to provide Plaintiffs an opportunity to respond accordingly, the Court should grant the Motion for Leave.

Defendants also maintain in the Response that Plaintiffs desire to use the Sur-Reply as a means by which to somehow reverse their argument. Quite the contrary, Plaintiffs have consistently maintained that a factual challenge to a Motion to Dismiss is inappropriate where, as here, an answer has not yet been filed, and, alternatively, that if the Court were to consider the parties' material factual dispute (as evidenced by the significant volume of briefing in this case), it should deny the Motion to Dismiss and decide this case on the merits. Nothing contained in the Sur-Reply supports Defendants' contention that Plaintiffs have in any way "reverse[d] field." (Response at 3, § 1).

Defendants also chastise Plaintiffs' Sur-Reply for relying "solely upon a cite to Moore's Federal Practice." (Response at p. 3, § 2). Plaintiffs pointed out that Defendants' Motion to Dismiss, on subject matter jurisdiction should not be granted where jurisdictional facts are intertwined with the merits. Defendants don't contend that the proposition stated in Moore's is inaccurate. Among the cases which support the conclusion in the treatise are *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039-40 (9th Cir. 2004); *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 362-65 (1st Cir. 2001); *Barrett v. United States*, 853 F.2d 124, 131 (2d Cir.), *cert. denied*, 488 U.S. 1041 (1988); *Daniel v. Ferguson*, 839 F.2d 1124, 1127 (5th Cir. 1988); *Adams v. Bain*, 697 F.2d 1213, 1220 (4th Cir. 1982); *McBeath v. Inter-American Citizens for Decency Committee*, 374 F.2d 359, 363 (5th Cir.), *cert. denied*, 389 U.S. 896 (1967), as well as a case cited by Defendants, *Mortensen v. First Fed'l Sav. & Loan Ass'n*, 549 F.2d 884, 893-94 (3d Cir.

1977). Plaintiffs also note that Defendants boldly assert that no material factual issues exist in this case and then spend a nearly two pages of their Response addressing arguments made by Plaintiffs in the Sur-Reply.

Thus, to the extent that the Court is willing to consider the parties' factual arguments, Plaintiffs respectfully request that the Court permit the filing of the Sur-Reply so that they may respond to Defendants' additional argument not contained in their original motion.

### III.

For the foregoing reasons, Plaintiffs respectfully request that they be permitted to file their Sur-Reply.

August 23, 2006

ECKERT SEAMANS CHERIN & MELLOTT, LLC

_____
Michael G. Busenkell (No. 3933)
300 Delaware Avenue, Suite 1360
Wilmington, DE 19801
(302) 425-0430

Of Counsel:

Charles L. Perry, Esquire
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, TX 75201
(214) 659-4681

U0003011

## CERTIFICATE OF SERVICE

I, Michael G. Busenkell, certify that on August 23, 2006 I caused a copy of the foregoing Reply In Support Of Motion For Leave To File Sur-Reply to be served in the manner indicated on:

### Hand Delivery

Domenic E. Pacitti (Bar No. 3989)
Saul Ewing LLP
222 Delaware Ave., Suite 1200
Wilmington, DE 19801

### Facsimile and U.S. Mail

Joshua C. Krumholz
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

_____
Michael G. Busenkell (No. 3933)